BLANCHE, Judge.
This is an appeal by plaintiffs-defendants in reconvention from a judgment dismissing their petition and in favor of re-convenors, recognizing them as the owners of a certain piece of property by virtue of thirty years’ acquisitive prescription. Plaintiffs instituted this petitory action against defendants asserting their title to Lot 22, Block 1, Connely Row Subdivision, located in Terrebonne Parish. Defendants, by amended pleadings, filed a reconven-tional demand claiming ownership of the property by virtue of thirty years’ acquisitive prescription. Finding no error in the judgment appealed from, we affirm.
The record shows that reconvenors’ father, Augustin Robichaux, purchased from plaintiffs’ ancestor in title, Dr. Leon H. Jastremski, on April 17, 1920, property described as three lots designated on a plan as Lots 15 18, and 19 in Block 1, Connely Row. (Plaintiff Exhibit 18 — Record, p. 18) The plat referred to in the property description is contained in the record *408 (Plaintiff Exhibit 23), and it shows Lots 15, 18 and 19 to be contiguous lots running in a north-south direction with Lot 19 as the northernmost. Immediately to the north of Lot 19 is Lot 22, the property in dispute.
The evidence clearly shows that all four of the aforementioned lots were continuously possessed in toto by reconvenors’ parents from the time of acquisition until their death, after which reconvenors themselves so possessed the aforementioned four lots. This possession was evidenced by the construction of a shed on the northern portion of Lot 22 by reconvenors’ father in 1920, the year of acquisition; by the construction of a house on Lot 22 and part of Lot 19 in 1920 by reconvenors’ father; by the construction of a fence completely enclosing the four lots in question (which fence was erected in 1922 or 1923 and remained until 1949); and by other actual physical use and possession of the property including the planting of a garden along the northern boundary of Lot 22, the raising of chickens, hogs and other animals, and the cutting of the grass and other maintenance of the property.
Indeed, the record leaves no room for doubt that reconvenors’ parents and, after their death, reconvenors themselves have actually, openly and continuously possessed the four lots in toto since 1920.
Plaintiffs-defendants in reconvention assign three specifications of error, all of which are without merit. These will be discussed seriatim.
Appellants assign as their first specification of error the trial court’s sus-tention of the plea of thirty years’ acquisitive prescription where the evidence reflected that the property was not physically enclosed for the entire thirty-year period. This specification of error is without merit, inasmuch as the evidence clearly reflects the extent to which reconvenors and their ancestors in title actually possessed the property and the limits of the actual possession, which possession, and the exact extent thereof, was open, notorious, continuous and unequivocal. There can be no doubt from the record that it was obvious to all that reconvenors and their ancestors in title possessed the full extent of the four contiguous lots, including Lot 22. The fact that Lot 22 was not physically fenced in for the entire thirty-year period of actual possession does not defeat recon-venors’ thirty-year acquisitive prescriptive title in view of the actual, finite extent of possession for the requisite period of time by reconvenors and their ancestors in title, Louisiana Civil Code Article 3503; Parham v. Maxwell, 222 La. 149, 62 So.2d 255, 257, 258 (1952); Hill v. Richey, 221 La. 402, 59 So.2d 434, 440, 441 (1952).
Appellants assign as their second specification of error the contention that an act of sale dated September 28, 1935, wherein Felix Robichaux and Enos Robichaux sold their undivided one-fourth interest to the property which they inherited from their parents to Elie Robichaux and reconvenor, Viola Robichaux, which sale was signed by reconvenor, Junius Robichaux, as a witness, constitutes an acknowledgment so as to interrupt the running of thirty years’ acquisitive prescription. This contention is based on the description of the property contained in this act which names the three lots (Lots 15, 18 and 19) and states that the property is "bounded North by lot of Dr. L. H. Jastremski or assigns.” (Plaintiff Exhibit 25 — Record, p. 26) Both re-convenors testified that they were not aware that the property description contained this information, although it was always their understanding that the northern boundary of the property which their father purchased from Dr. Jastremski in 1920 was the property belonging to a Mrs. Duval.
This specification of error is likewise without merit, for it is obvious from a reading of the record that neither recon-venor intended to acknowledge that the northern boundary of their property was at the time property owned by Dr. Jastremski. *409 It is obvious that the property description contained in this 1935 act is simply a recopying of the property description contained in the 1920 act of sale, with the exception of the substitution of the clause “bounded North by lot of Dr. L. H. Jas-tremski or assigns” in the 1935 instrument for the clause “bounded North by lot of the present vendor” appearing in the 1920 act of sale.
In order for an acknowledgment to take place so as to interrupt the running of acquisitive prescription, it is necessary that the possessor intend to so acknowledge that he is not possessing the property being prescribed as owner. The acknowledgment must constitute an intentional act on the part of the possessor and not result from a negligent or unintentional act or piece of phraseology, Vincent v. Bullock, 192 La. 1, 187 So. 35 (1939).
 The burden, of course, rests upon plaintiffs to prove the interruption of acquisitive prescription by virtue of the alleged acknowledgment. The inclusion of the clause “bounded North by lot of Dr. L. H. Jastremski or assigns” does not suffice to prove such acknowledgment, especially in light of the other evidence in the record and the testimony of the reconvenors (which was obviously accepted by the trial judge), particularly in view of the use of the phrase “or assigns,” since Mrs. Duval, the then owner of Lot 23 (the lot lying immediately north of Lot 22), was an as-signee or transferee of Dr. Leon H. Jas-tremski, who initially owned all of the lots in question, as evidenced by the survey thereof prepared for him. (Plaintiff Exhibit 23 — Record, p. 20) The record fails to demonstrate that reconvenors intended to acknowledge that the northern boundary of their property was the line dividing Lot 19 from Lot 22 instead of the line dividing Lot 22 from Lot 23, especially considering the fact that all of the property in question was then enclosed by a fence and was being actually possessed in toto by recon-venors.
Appellants assign as their final specification of error the application by the trial court of thirty years’ acquisitive prescription where the record ■ fails to show that reconvenors intended to possess Lot 22 as owners. This specification of error is based upon the testimony of Junius Robi-chaux to the effect that he was not aware that he was possessing Lot 22, because he was not aware of the lot numbers and thought his father, and he and his sister owned all of the property which his father and reconvenors thereafter actually possessed.
This specification of error is likewise without merit, for it is clear that re-convenors and their ancestor in title intended to possess the land which includes Lot 22, irrespective of whether they knew it was technically denominated Lot 22. To hold otherwise would result in the anomalous and indefensible situation of the law favoring the bad faith possessor over the good faith possessor by permitting the bad faith possessor who knew he had no right to the land he was. possessing, to acquire it by thirty years’ acquisitive prescription, while denying the benefits of thirty years’ acquisitive prescription to the good faith possessor who honestly thought he owned the land he was possessing. Re-convenors and their ancestor in title obviously intended to possess the particular land which they actually did possess. Inasmuch as reconvenors satisfied all requirements for establishing a thirty-year acquisitive prescriptive title, the trial court was correct in awarding them judgment on the reconventional demand.
For the foregoing reasons, the judgment is affirmed, with all costs of this appeal assessed to appellants.
Affirmed.