FRUGÉ, Judge.
Plaintiffs-appellants, Gertrude Montgomery and Marion Petry, instituted this appeal, challenging the maintenance of an exception of acquisitive prescription by the trial court which effectively deprived them of the opportunity to present, in full, their petitory action. By means of a petitory action, plaintiffs had sought to claim ownership of
“That certain tract or parcel of land situated in the Ninth Ward of the Parish of Vermilion, Louisiana, containing .86 acres taken from the Southeast corner of the East Half of the Southeast corner of Section 19, Township 12 South, Range 3 East.”
This petitory action followed a prior possessory action in which the present defendant-appellee, Corine Breaux, had been the plaintiff, and the present plaintiffs-appellants had been made defendants. A judgment in the possessory action was rendered in favor of Corine Breaux. Subsequently, the aforementioned petitory action was asserted by plaintiffs-appellants, and defendant, Corine Breaux, filed an exception of prescription based on pleas of 10 and 30 years possession. The lower court held in favor of defendant and sustained the exception. We reverse.
The same trial judge who had adjudicated the former possessory action presided over the trial of the exception of acquisitive presciption hereinfore mentioned. Defendant sought to introduce testimony which had been adduced in the prior pos-sessory action, and the plaintiffs objected thereto on the basis that it involved another case and was, therefore, improper and should not be admitted. The evidence was admitted' over objection and a judgment sustaining the exception of 30 years prescription was rendered, thereby dismissing the petitory action of plaintiffs and recognizing defendant, Corine Breaux, as legal owner of the disputed tract of land.
Plaintiffs appealed suspensively from this judgment on the basis of several specifications of error. Two issues were presented to this court for a determination on appeal. They are as follows:
1. Whether testimony adduced in the possessory action was properly intro *255 duced into evidence in the petitory action.
2. Whether a peremptory exception of acquisitive prescription may be maintained by a district court prior to a trial on the merits in a petitory action.
It is our belief that the resolution of this matter can be derived from a judicial determination of the existence vel non under Louisiana law of a peremptory exception of acquisitive prescription.
Our review of the law has resulted in a determination that there is neither legislative nor judicial authority for the existence and/or application of such an exception. We, therefore, are compelled to reverse the judgment of the lower court. Having found the judgment of the lower court erroneous, as a matter of law, we find it unnecessary to consider the propriety of the introduction of the prior evidence ('adduced at the trial of the possessory action) at the subsequent trial of the excep-tjon in question.
We consider our position to be firmly buttressed by the following legislative authorities: LSA-C.C.P. Articles 923, 927, and 3653, as well as Article 345 of the Code of Practice of 1870, these being set out in pertinent part in the following:
Art. 923: “. . . The function of the peremptory exception is to have the plaintiff’s action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.”
Art. 927: “The objections which may be raised through the peremptory exception include, but are not limited to, the following:
(1) Prescription;
(2) Res judicata;
(3) Nonjoinder of an indispensable party;
(4) No cause of action; and
(5) No right of action, or no interest in the plaintiff to institute the suit.
Art. 3653: “To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.”
Art. 345: “Peremptory exceptions, founded on law, are those which, without going into the merits of the cause, show that the plaintiff can not maintain his action, either because it is prescribed or becaue the cause of action has been destroyed or extinguished.”
From the foregoing, it is apparent that the peremptory exception is designed to defeat, dismiss, bar by effect of law, or declare legally nonexistent the plaintiffs action. It is certainly admitted that LSA-C.C.P. Article 927 speaks only of “prescription”; however, a correct and considered reading of the source Article, as set out above, clearly requires and commands that the prescription referred to is libera-tive and not acquisitive.
As can be seen from the source Article 345 of the Code of Practice of 1870, peremptory exceptions are those which “show that the plaintiff cannot maintain his action .... without going into the merits of the cause . . . .” However, the trial court does consider the merits in the trial of an exception of acquisitive prescription. This is so, because the lower court’s consideration goes to whether or not sufficient evidence exists as to the prescriptive period required, and is relevant because it establishes ownership on the part of the defendant-exceptor. This claim of acquisitive prescription, by exception, *256 goes to the very essence of the plaintiffs’ asserted title and most definitely entails a consideration of the merits at issue in the petitory action.
As the essence of the assertion of 30-year prescription under Article 3653 of the Louisiana Civil Code is the establishment of ownership by the party so asserting, it is manifest that such an assertion of ownership directly involves the merits of the petitory action which itself is concerned with ownership through proof of title. Additional support for our position, in regard to this matter, can be found by a mere reading of LSA-C.C.P. Articles 3653 which further shows the error in appellee’s position. Under Article 3653, where the defendant is in possession, as she is in this case, she is not required to prove anything until the plaintiff makes out his title. Curry v. Henry, 29 So.2d 808 (La.App. 2d Cir. 1946); J. H. Jenkins Contractors, Inc. v. Farriel, 246 So.2d 340 (La.App. 1st Cir. 1971). So the proper procedure is for plaintiff to first make out his title and then defendant can either show a better title or show some flaw in plaintiff’s title. If defendant can do either of these two things, then he wins, because he is in possession. But again, this is the issue on the merits. Acquisitive prescription is an affirmative defense and not an exception.
Therefore, we find a sound basis to have been made for our conclusion that by the assertion of acquisitive prescription in the instant case, the issue of ownership was raised and, therefore, went “to the merits of the cause,” which certainly is contrary to the intent of the source Article upon which LSA-C.C.P. Article 927 is founded. On the basis of the preceding analysis, we find that the merits of the petitory action were decided at the trial of the defendant’s exception of acquisitive prescription, and that there is absolutely no authority in law for this position.
It was called to our attention that early cases indicated that under appropriate circumstances a plea of acquisitive prescription is often decided without referring same to the merits. With this conclusion we disagree. It is noted that these cases did not deal with a peremptory exception of acquisitive prescription but with pleas of acquisitive prescription, which were considered on the merits of the case.
The case of Allen v. Paggi Bros. Oil Company, 244 So.2d 116 (La.App. 3rd Cir. 1971), writ denied, 258 La. 247, 245 So.2d 716 (1971), is cited as having explicitly recognized the procedure of trying a plea of acquisitive prescription in advance of trial on the merits. A reading of this case reveals that the actual plea was not made as a peremptory exception but was raised by answer, and a trial on the merits was undertaken. In Porche v. Martin, 177 So. 2d 288 (La.App. 1st Cir. 1965), the “exception” of 30-year prescription was actually tried separately. The term “exception” is misleading, there having been a plea of 30-year prescription under the authority of Louisiana Civil Code Article 852. There was no attempt to utilize a true peremptory exception.
In the case of Crain v. Graves, 152 So.2d 104 (La.App. 3rd Cir. 1963), the appellate court utilized the term “peremptory exception” in its remand of the action to the trial court for a trial of the question of acquisitive prescription of 10 years. It is noted that there the trial court applied Civil Code Article 3464 as authority for filing the plea of 10-year acquisitive prescription. With this we have no objection. While the Civil Code provides authority for the assertion of the plea of acquisitive prescription, it does not provide for nor authorize acquisitive prescription as a peremptory exception.
It is noted that one does not ordinarily acquire title by means of the assertion of liberative prescription in the form of a peremptory exception. The peremptory exceptions are asserted as a means of defeating the actions which the plaintiff has instituted. The plea of acquisitive prescription, on the other hand, is asserted usually by answer and is used as a defense to the plaintiff’s action and to establish ti- *257 tie or ownership on behalf of the defendant.
The practicalities of the instant case might seem to require that a disposition of this case be made contrary to the appellants’ position — these practicalities being that defendant, Corine Breaux, in the prior possessory action adequately established possession of the tract in question for a period of time in excess of the required 30 years. Plaintiffs-appellants, however, had only become owners by transaction of sale as of September 9, 1969. However, it is felt that if such a result were reached, an unjust precedent would be established. By such a precedent, petitory actions in the future could be defeated by the mere assertion of an exception of acquisitive prescription, an exception found to be unauthorized and unsupported by our present law.
If expedience is the primary goal sought in our trial procedure, we respectfully conclude that the Legislature would be better suited to establish a new action which could, perhaps, settle the issue as to valid ownership, once and for all, during the course[1] of one trial proceeding.
For the above and foregoing reasons, this case is hereby remanded to the trial court to be proceeded with in accordance with the views herein expressed. Appellee is to pay all Gosts.
Reversed and remanded.
DOMENGEAUX, J., dissents and assigns written reasons.

. 343. Definition — Kinds.—Peremptory exceptions are those which tend to the dismissal of the action.
Some relate to forms; others arise from the law.