338 So.2d 314 (1976)
Gertrude MONTGOMERY and Marion Petry, Plaintiffs-Appellants,
v.
Corine BREAUX, Defendant-Appellee.
No. 5612.
Court of Appeal of Louisiana, Third Circuit.
September 22, 1976.
Rehearing Denied November 4, 1976.
Writ Refused January 12, 1977.
*315 Joel B. Dickinson and Weldon J. Hill, II, Baton Rouge, for plaintiffs-appellants.
Cooper & Sonnier by Charles R. Sonnier, Abbeville, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
GUIDRY, Judge.
This is a petitory action wherein plaintiffs seek to be recognized as owner and restored to the possession of a .86 acre tract taken from the southeast corner of the East Half of the Southeast Quarter of Section 19, T. 12 S., R. 3 E., Vermilion Parish, Louisiana, which land is hereafter referred to as the "subject tract". Plaintiffs appeal from the trial court judgment which sustained an exception of thirty year acquisitive prescription (LSA-R.C.C. Article 3499 et seq.) filed by defendant and ordered their suit dismissed with prejudice.
The instant litigation is of long standing and has previously been before this Court (285 So.2d 253, La.App.3rd Cir. 1973, writ granted, La., 288 So.2d 639) and the Supreme Court of Louisiana (297 So.2d 285, La.1974). In order to place in proper perspective the issues presented by this appeal we deem it necessary to briefly review the history of this litigation.
In August of 1970 defendant, Corine Breaux, filed a possessory action alleging a disturbance of her possession of the subject tract by plaintiffs. This suit terminated in a judgment in favor of Corine Breaux recognizing her right of possession to the subject tract. Plaintiffs thereafter filed the instant petitory action to which defendant responded by the filing of an exception of thirty year and/or ten year prescription acquirenda causa. The trial court considered the filed exception in advance of a trial on the merits, maintained same and rendered judgment recognizing defendant, Corine Breaux, as owner of the subject property by virtue of the acquisitive prescription of thirty years. Plaintiffs appealed from that judgment and this court in Montgomery et al. v. Breaux, 285 So.2d 253, with Judge Domengeaux dissenting, reversed *316 the judgment of the trial court holding in effect that the assertion of 30-year acquisitive prescription is an affirmative defense and cannot be considered on an exception in advance of trial on the merits. Our Supreme Court granted writs and reversed this holding finding that, although the trial judge, in sustaining the exception, was in error in declaring Corine Breaux the legal owner of the subject property,[1] acquisitive prescription could be pleaded by the peremptory exception in a petitory action. Montgomery v. Breaux, 297 So.2d 185 (La. 1974). The Supreme Court nonetheless reversed the trial court, finding that the trial court erred in admitting and considering the transcript of evidence taken in the prior possessory action in rendering judgment on the exception of prescription. The matter was remanded to the trial court for further proceedings.
Upon remand plaintiffs filed a supplemental petition requesting trial by jury of all issues in the case which request was granted. Thereafter, defendant filed a motion re-urging her exception of prescription and requesting that in the interest of judicial economy the court exercise its discretion and reconsider the exception of prescription in advance of a trial on the merits. Defendant's motion was granted, the exception was heard by the trial judge and judgment was rendered maintaining the exception and dismissing plaintiffs' suit. It is from this judgment that plaintiffs have perfected this appeal.
Plaintiffs assert that the trial court erred in the following particulars:
(1) In granting defendant's motion for a trial of her exception of prescription prior to a trial on the merits after plaintiffs had timely applied for and were granted a trial by jury.
(2) In holding that defendant acquired the subject land by the prescription of 30 years.
(3) In holding that defendant's possession had not been interrupted by a disturbance in law, i. e., the filing of two mineral leases by plaintiffs' ancestors in title.

ASSIGNMENT OF ERROR NO. 1
There can be no question but that the exception of prescription could be heard and disposed of in advance of a trial of this action on its merits unless the previous order of the trial court granting a trial by jury precluded such consideration by the trial judge. Montgomery v. Breaux, supra. Plaintiffs suggest that the trial judge's consideration of this exception, under the circumstances, was error because LSA-C.C.P. Article 1735 specifically provides that all issues for which a jury trial has been requested shall be by jury unless the parties stipulate otherwise. There is no merit to this contention. LSA-C.C.P. Article 1731 provides as follows:

"Except as limited by Article 1733, the right of trial by jury is recognized . ." (Emphasis ours)
LSA-C.C.P. Article 1733 provides the following, among other, limitations on jury trials:
"A summary . . . proceeding. . ."
It cannot be disputed that the trial of an exception is a summary proceeding as LSA-C.C.P. Article 2592 defines a summary proceeding, among others, as any issue which may be raised by way of exception. The above being considered we conclude that under Montgomery et al. v. Breaux, supra, the trial court was not required to refer the exception of prescription to the merits, and having elected not to do so such exception was not a matter which could be considered by the jury (LSA-C.C.P. Art. 1733) and was properly triable before the trial judge.

ASSIGNMENT OF ERROR NO. 2
Plaintiffs suggest error in the trial court's conclusion that defendant has shown possession of the subject property necessary *317 to acquire same by the prescription of 30 years, as provided by R.C.C. Articles 3499 et seq.
LSA-C.C. Articles 3499 and 3500 provide as follows:
"Art. 3499. The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."
"Art. 3500. The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."
When this matter was before us previously, Montgomery v. Breaux, 285 So.2d 253 (La.App.3rd Cir. 1973) Judge Domengeaux, in his dissenting opinion, extensively reviewed the facts of possession as evidenced by the record. Although upon remand the matter was re-tried the facts adduced at the second trial are identical with those adduced on first hearing. With Judge Domengeaux's consent and approval I adopt as my own the review of the facts of possession as set forth in his earlier dissent:
"The disputed .86 acre tract of land was originally owned by Fisher Petry as part of a larger 65 acre tract in Vermilion Parish. A fence separated the land of Petry from that owned by C. Gastinel to the south.
On November 21, 1898, Petry donated the .86 acre tract to the Pleasant Grove Baptist Church, by duly recorded authentic act, for the purpose of erecting a church or public school. The tract was described as follows:
"One certain lot or parcel of land lying and being situated in the Parish of Vermilion, the aforesaid containing Eighty-Six hundredths of acre and to be taken from the South East corner of the East half of the South East quarter of Section Nineteen, Township Twelve South, Range Three East."
The record indicates that a church building was thereafter erected on the .86 acre tract and later converted to a school. However, at least forty or fifty years ago the buildings were removed, none being since replaced by the donee, Pleasant Grove Baptist Church. Nor has the land been occupied or put to any other use by the donee since that time.
From the aforementioned 65 acre tract, the same Fisher Petry sold to Felix Breaux the following described 17½ acres, which included the .86 acre tract in question, by deed dated December 7, 1931:
"17½ acres of land taken from One certain tract of land containing about sixty five acres, and being the East half of the Southeast Quarter of Section Nineteen, Township Twelve South of Range Three East, with all buildings and improvements thereon or thereto appertaining, the 17½ acres of land being bounded on the North by the Abbeville Canal lateral, East by Joe Petry and the Abbeville Canal lateral, South by C. Gastinel and West by Felix Breaux."
Nowhere in the act of sale was there mentioned the 1898 donation. Two years previous to this sale Petry had also leased this land to Atlantic Oil and Producing Co., and later sold ¼ mineral royalties to the same tract to R. C. Neibert. Neither was there any mention of the donation in these transactions.
Before Felix Breaux's death in 1935, his daughter, Corine, defendant-appellee herein, and her husband were allowed to plant trees and shrubbery and to place a barn, rice house, and other improvements on the 17½ acre tract. At that time Corine Breaux and her husband were farming the land under rice and grain, in addition to grazing livestock.
After her father's death in 1935, Corine was also permitted by her mother to place her house and garage upon the property, in anticipation of a partition. In 1937 there was a partition of Felix Breaux's estate whereby Corine received 20.1 acres, encompassing all of the aforementioned 17½ acre tract.
From 1935 until 1965 defendant-appellee, Corine Breaux, resided upon this 20.1 acre tract, farming and grazing livestock *318 thereon. Throughout this period the previously mentioned fence, separating the property from that of C. Gastinel to the south, remained intact. For at least the 30-year duration the disputed .86 acre tract was included within the appellee's fenced acreage and was at no time separated from the remainder of the property. This tract was used for farming and grazing as was the rest of appellee's land. In 1965 Corine Breaux moved her home and garage from the 20.1 acre farm into Abbeville. Thereafter she also had her barns sold and tool shed removed.
For the next two years Corine continued to use the land as before. In addition, she granted a five year mineral lease on the 20.1 acre tract in 1967 to W. Guidry, who subleased the property to Superior Oil Company. She also conveyed a pipeline right-of-way in March, 1967.
From 1968 until the time of trial several different parties farmed the land for defendant-appellee, Corine Breaux. Their testimony was to the effect that they had specifically planted portions of the .86 acre tract in question, part of which had become covered with abandoned uprooted trees which had been hauled there.
On September 9, 1969, Pleasant Grove Baptist Church sold the .86 acre tract for the sum of $100.00 to plaintiff-appellant, Gertrude Montgomery Petry, the sale being duly recorded. Shortly thereafter Gertrude M. Petry and her husband had the disputed land surveyed and built a fence around the .86 acre tract. This fence was allegedly town down several times by defendant, Corine Breaux, and replaced. There was also testimony to the effect that the Petrys cut and tore down the Breaux fence three times, which had to be replaced.
Corine Breaux, defendant-appellee herein, being disturbed in her possession, filed the aforementioned possessory action which was tried on October 22, 1971, and April 15, 1972. Judgment was rendered in her favor."
The above is an accurate summation of the evidence as appears in the record. On the basis of this evidence the trial judge sustained defendant's exception of 30 year prescription. Our consideration of this evidence in light of the provisions of the previously cited articles and the legion of cases which have interpreted those provisions convinces us as to the correctness of the trial court's ruling on the issue of possession.
Plaintiffs suggest that defendant did not possess the subject tract "under the title of owner" because the plat annexed to the plat of partition of the Breaux estate separately delineates the subject tract within the lot allotted to Corine Breaux; and, because Corine Breaux, according to the testimony of two of plaintiffs' witnesses, verbally acknowledged that the subject tract belonged to another. Defendant denied that she ever acknowledged verbally or otherwise that she did not own the subject property and to the contrary testified that she always considered herself the owner of same. We find no merit in this contention.
We attach little, if any, significance to the fact that the subject tract was separately delineated within the lot of Corine Breaux on the Breaux partition plat. Defendant did not prepare this plat nor was it prepared under her direction. The record does not indicate that she was even aware that the subject tract was so delineated on the partition plat. As stated in Jastremski et al. v. Robichaux, 255 So.2d 406 (La.App. 1st Cir. 1971):
"In order for an acknowledgment to take place so as to interrupt the running of acquisitive prescription, it is necessary that the possessor intend to so acknowledge that he is not possessing the property being prescribed as owner. The acknowledgment must constitute an intentional act on the part of the possessor and not result from a negligent or unintentional act or piece of phraseology, Vincent v. Bullock, 192 La. 1, 187 So. 35 (1939)."
As to the alleged verbal acknowledgment of non-ownership, which as aforesaid was denied by defendant, suffice it to say that factual conclusions of the trial court, particularly *319 where the credibility of witnesses is involved, should not be disturbed on appellate review except upon a finding of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Plescia v. Dunham, 319 So.2d 812 (La.App.1st Cir. 1975). We find no manifest error in the trial court's conclusion in this regard.

ASSIGNMENT OF ERROR NO. 3
Plaintiffs finally assert that the course of prescription running in defendant's favor was interrupted by a disturbance in law, i. e., the granting and recording of two oil, gas and mineral leases affecting the subject land by the Pleasant Grove Baptist Church, the first on October 21, 1956 and the second on October 1, 1961. A disturbance in law does not interrupt the course of prescription accruing in favor of a possessor under LSA-R.C.C. Article 3499 et seq. As stated by Justice Tate in his concurring opinion in Ree Corporation v. Shaffer, 261 La. 502, 260 So.2d 307, 314 (La. 1972):
". . . The determination of whether the plaintiff is in possession, or whether his possession is uninterrupted, is a matter of substantive law regulated by Articles 3426-3456 of the Louisiana Civil Code; and a possession is interrupted only in the case of physical usurpation, Civil Code Article 3449, not by a `disturbance in law'."
For the above and foregoing reasons the judgment of the trial court is affirmed, all costs of this appeal to be paid by plaintiffs.
AFFIRMED.
NOTES
[1] In this connection the Supreme Court determined that all that could be decided on the exception was that respondents' petitory action was defeated by relator's claim of prescription. The Court could not declare relator legal owner of the property.