DOMENGEAUX, Judge.
Appellees, Thomas Guin, individually, and as executor of the Succession of O. D. Guin, Mr. R. C. Guin, Mrs. Emma Guin Wallace, Obie Guin, Mrs. Sarah Guin Lonadier, and Barbara Sue Guin LaPrarie, legitimate children of decedent, O. D. Guin, sued their sister, Sybil Jean Guin McDaniel, and her husband, Joe B. McDaniel (now deceased and his absent heirs represented by curator). Plaintiffs’ action was brought to set aside a transfer of 54.36 acres of land from decedent to Sybil and Joe McDaniel in 1968.
The purported transfer was accomplished by two cash sale deeds, both of which recited the consideration to be $100.00 in cash and “other valuable consideration”. The deeds further stated that the actual consideration was a promise by vendees to live near the home of Mr. Guin and to care for him for the remainder of his life.
The testimony of an appraiser, Mr. T. J. Stephens, affixed the value of the property at $15,548.00. Mr. L. M. Rushing testified that he loaned Mr. McDaniel $4,500.00 to pay for the property, but that Mr. Guin had returned the check to Mr. Rushing. Mrs. McDaniel testified that she gave her father $100.00 for the property, but there were no witnesses to this transaction and no other corroborating evidence. She also testified that she actually lived near her father and cared for him, and her brother Tom Guin corroborated this testimony to some extent, but he also testified that another sister Emma, also a party to this suit, helped care for her father for a couple of years up until an argument with Sybil caused Emma to leave. Mr. Guin continued to live on the property after the deeds were passed.
The trial judge in his oral reasons for judgment concluded that Mr. Guin did not receive the cash consideration in the deed. He held the transfer to be a pure simulation and that the property belonged to the Succession of O. D. Guin. Defendants appeal this judgment. We affirm the judgment of the district court.
Appellants assign as error the finding of the district judge that there was a lack of consideration despite the statements in the authentic acts of sale that consideration was given. They argue in brief that the trial judge should not have admitted testimony of L. M. Rushing as to what Mr. Guin did with the $4,500.00 check after it was delivered to him by Mr. McDaniel, because this is parol evidence introduced to invalidate an authentic act.
Parol evidence is admissible for the purpose of invalidating an authentic act where there are allegations of fraud and error in the confection of the contract. C.C. Art. 2236. It is also well settled that parol evidence is admissible to prove a simulated transfer of property. Miles v. Miles, 328 So.2d 394 (La.App. 3rd Cir. 1976), C.C. Arts. 2239, 2444, 2480. Therefore, this assignment of error is without merit.
*1151 Appellants also maintain that the trial court erred in not giving weight to the testimony of Mrs. McDaniel that she cared for her father as agreed upon in the cash sale deed. If any consideration is given, no matter how small, the transfer is not a simulation. Services are considered valid consideration. Bell v. Bell, 339 So.2d 1333 (La.App. 3rd Cir. 1976); Russell v. Culpepper, 337 So.2d 226 (La.App. 3rd Cir. 1976).[1] The district judge in his oral reasons for judgment did not address the issue of services rendered as consideration. The trial court must have disbelieved that such services were actually rendered to have found a pure simulation. Factual conclusions of the trial judge, particularly where credibility of witnesses is involved, should not be disturbed on appellate review except on a finding of manifest error. Montgomery v. Breaux, 338 So.2d 314 (La.App. 3rd Cir. 1976).
In Canter v. Koehring Company, 283 So.2d 716 (La.1973), the Supreme Court stated that appellate courts should not disturb reasonable evaluations of credibility by the trial judge.
Therefore we hold that this was a sale in contravention of the Civil Code Articles relating to simulations and that the property does indeed belong to the Succession of 0. D. Guin.
For the above reasons we affirm the judgment of the district court, and cast costs against appellants.

AFFIRMED.

. We take note here that the Supreme Court has granted writs in Russell v. Culpepper, 340 So.2d 314, 315.