363 So.2d 963 (1978)
J. D. SUIRE et al., Plaintiffs-Appellees,
v.
Lovelace PRIMEAUX, Defendant-Appellant.
No. 6660.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
Writ Refused December 1, 1978.
*964 Darrell D. Desormeaux, Lafayette, for defendant-appellant.
Irby Hebert, Jr., Abbeville, for plaintiffs-appellees.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
DOMENGEAUX, Judge.
Plaintiffs-appellees, heirs of Eugene Suire and Alzire Landry, instituted this possessory action against defendant-appellant, Lovelace Primeaux, and sought an injunction preventing his disturbance of their peaceable possession of a 21.281 acre tract on or at Grosse Isle in Vermilion Parish, Louisiana.
Defendant answered the petition and, by way of reconventional demand, asserted *965 ownership of a tract of land measuring one arpent wide and six arpents long (hereinafter referred to as the six arpent tract), which is located within the boundaries of the 21.281 acre tract of which plaintiffs claim possession.
By asserting ownership of the six arpent tract, defendant converted this suit into a petitory action. La.C.C.P. Art. 3657.
Defendants in reconvention, the Suire heirs, filed a peremptory exception of thirty years acquisitive prescription.[1] Trial of this exception resulted in its being sustained by the trial judge, and Lovelace Primeaux's reconventional demand was ordered dismissed.
Defendant-plaintiff in reconvention, Lovelace Primeaux, has perfected this devolutive appeal from said judgment.

MOTION TO DISMISS
Appellees have filed a motion in this Court to dismiss appellant's appeal. The motion is opposed. The judgment sustaining the plaintiffs' (defendants in reconvention) exception of thirty years prescription, and which dismissed the original defendant's petitory action, was signed on November 23, 1977. The Clerk of the trial court mailed notice of the signing of the judgment to counsel of record for each party on the same day. On January 24, 1978, the defendant, Lovelace Primeaux, moved for and obtained a devolutive appeal, and the bond therefor was set at the sum of $1,500.00.
In support of their argument favoring dismissal, the appellees' objections are, first, that the appeal bond was not filed; and second, that costs have been untimely paid.
Since no security is required for a devolutive appeal (La.C.C.P. Art. 2124), the appellees' first objection is without merit. As to the second objection, the proper forum to determine whether or not costs have been timely advanced is the trial court (La.C.C.P. Art. 2126).
For these reasons, appellees' Motion to Dismiss is denied.

MERITS OF THE APPEAL
Appellant suggests numerous specifications of error, which, in condensed form, have to do with the trial judge's conclusions on credibility of witnesses, the disproportionate amount of witnesses who testified by way of deposition and the weight to be attached to that testimony, the impropriety of dismissing his petitory action reconventional demand by virtue of sustaining the exception of thirty years prescription, the sufficiency of the evidence to prove thirty years acquisitive prescription, and the allowance of tacking by appellees.
In response, we note at the outset, that the procedure of asserting thirty years acquisitive prescription by way of an exception has been authorized and approved by the Louisiana Supreme Court. Montgomery v. Breaux, 297 So.2d 185 (La.1974). The effect of sustaining the peremptory exception is to dismiss plaintiff in reconvention's petitory action and does not determine ownership of the subject property. La.C.C.P. Art. 934; Montgomery v. Breaux, supra.
We also note that, although the majority of the witnesses testified by way of deposition, the findings of fact of the trial judge are nevertheless entitled to great weight. Gradney v. Vancouver Plywood Company, Inc., 299 So.2d 347 (La.1974).
We have reviewed and considered the circumstances under which many witnesses testified by way of depositions, and readily conclude that, under the circumstances, the trial judge did not err in ordering said depositions.
The only substantial issue which we deem appropriate for more in depth discussion is whether the Suires, defendants in reconvention, *966 have proven all of the elements necessary to prevail in its peremptory exception of thirty years acquisitive prescription, which included the use of tacking.
LSA-C.C. art. 3499 provides:
"The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."
LSA-C.C. art. 3500 provides:
"The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."
LSA-C.C. art. 3501 provides:
"The possession necessary for this species of prescription, when it has commenced by the corporal possession of the thing, may, if it has not been interrupted, be preserved by external and public signs, announcing the possessor's intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes, and other similar acts."
The type of corporeal possession required to support a plea of thirty year acquisitive prescription is determined in each case by the use to which the land is destined by nature. Succession of Kemp v. Robertson, 316 So.2d 919 (La.App. 1st Cir. 1975). One who does not have apparent title will ordinarily be considered as possessing only that part of the property over which he exercises actual, adverse, corporeal possession by enclosures, and his claim will not extend beyond those enclosures. His possession under those circumstances must be evidenced by an enclosure of some type to definitely fix its limits, or it must be evidenced by some external and public sign sufficient to give notice to the public of the character and extent of the possession. Johnson v. La Bokay Corporation, 326 So.2d 589 (La.App. 3rd Cir. 1976) and cases cited therein. The privilege of tacking on to one's possession that of a predecessor in title is applicable to pleas of thirty years acquisitive prescription when there is privity of contract between the possessor and his vendor or predecessor. "Privity" in such instances denotes merely a succession of relationship to the same thing whether created by an act or by the operation of law. Bunn v. A. J. Hodges Industries, Inc., 279 So.2d 268 (La.App. 2nd Cir. 1973) and cases cited therein.
Applying the principles enunciated above to the facts of the instant suit, we agree with the trial judge that defendants in reconvention have proven all of the necessary elements of thirty years acquisitive prescription. The preponderance of the evidence indicates that the 21.281 acre tract, known as the Suire estate, has been continually possessed by the Suire descendants or their assigns for a period of approximately fifty years prior to the disturbance by Lovelace Primeaux. Since 1922, the property has been bounded by drainage canals on the north and east and barbed wire fences on the west and south. These fences were maintained over the years by the Suires and their neighbors. On the other hand, the six arpent tract of land, allegedly purchased by defendant in 1947, contained no visible boundaries until defendant's partial construction of a fence on the southern border of the six arpent tract in 1975. Since 1922, members of the Suire family either resided on the Suire estate or authorized hunting or grazing of cattle on the property. The evidence also indicates that members of the Suire family have grown crops on the land from time to time over the years. In sum, our review of the record indicates that the trial judge's findings of fact are supported by the evidence.
For the foregoing reasons, the judgment appealed, which sustained plaintiffs-defendants in reconvention's peremptory exception of thirty years acquisitive prescription and which dismissed defendant-plaintiff in reconvention's petitory action, is affirmed.
Our affirmation applies only to Primeaux's reconventional demand, and, therefore, the Suires' principal demand involving the possessory action is still pending. See La.C.C.P. Art. 1038, Meaux v. Hoffpauir, 219 So.2d 551 (La.App. 3rd Cir. 1969), writ refused May 5, 1969.
*967 All costs are assessed to appellant, Lovelace Primeaux.
AFFIRMED.
CULPEPPER, J., concurs and assigns reasons.
CULPEPPER, Judge, concurring.
I recognize that in Montgomery v. Breaux, 297 So.2d 185 (La.1974) our Supreme Court held that in a petitory action the defendant may file a peremptory exception of the acquisitive prescription of thirty years. The purpose of this concurring opinion is to respectfully suggest that the Court reconsider its holding.
Although I was not a member of the panel which decided this case in the Court of Appeal, I agree with its decision, 285 So.2d 253 (3rd Cir. 1973). In the list of peremptory exceptions under LSA-C.C.P. Article 927, the legislature intended "prescription" to mean only liberative prescription and not acquisitive prescription. As Professor Yiannopolous states in his discussion of Montgomery v. Breaux, 35 La.L.Rev. 278, a paradox is created where there is a successful plea of acquisitive prescription as a peremptory exception in a petitory action. Although the exceptor proves he is the owner, he cannot be recognized as owner in the judgment sustaining the exception. If he wishes to be declared the owner, he must bring another action for declaratory judgment. He cannot file a petitory action, because he is in possession. As Professor Yiannopolous suggests, the preferable procedure is for the defendant in the petitory (or possessory) action to file a reconventional demand asserting his ownership by the acquisitive prescription of thirty years. On the trial of such a reconventional demand, the successful plaintiff in reconvention could be declared owner and the litigation would be ended.
I am forced to disagree with the suggestion by Professor Yiannopolous that the Supreme Court's broad interpretation of Article 927, so as to allow the pleading of the peremptory exception of acquisitive prescription, tends to speed up proceedings. On the contrary, it is my view that it tends to cause confusion and to lengthen proceedings, as it did in Montgomery v. Breaux and in the present case.
NOTES
[1] In the early stages of this controversy at the hearing for preliminary injunction, the parties stipulated that both plaintiffs and defendant be enjoined, during the pendency of the proceedings, from building new or destroying all fences, cutting down or destroying trees or other foliage, or discharging firearms on the property described in plaintiffs' original possessory action petition.