SWIFT, Judge.
In this petitory action the parties have stipulated that the plaintiff, S. R. Finley, has record title to the property which the defendants claim to own by virtue of 30 years acquisitive prescription. It consists of seven irregularly shaped tracts of land: Nos. 1, 2 and 3 are claimed by Davis B. Hailey; Nos. 4 and 5 by Charley Allen; No. 6 by Fred Allen; and No. 7 by Edward R. Skrable. Tract 3 is situated in Lot 1 of fractional Section 36 and the other tracts are in Lot 1 of fractional Section 26, all in Township 7 North, Range 3 East, LaSalle Parish, Louisiana. The district court sustained the pleas of 30 years prescription and recognized the defendants’ ownership of their respective lands. Plaintiff has taken a devolutive appeal.
The first specification of error is that the lower court was not empowered to recognize the defendants’ ownership in its judgment because their pleas of prescription were not set forth in a reconventional demand, citing Suire v. Primeaux, 363 So.2d 963 (La.App. 3 Cir. 1978). That case and its progenitor, Montgomery v. Breaux, 297 So.2d 185 (La.1974), dealt with judgments that sustained peremptory exceptions of acquisitive prescription in petitory actions where the exceptions were tried and sustained prior to a trial on the merits. It was held that in such circumstances a court is only authorized to dismiss the petitory action and cannot determine the ownership of the property. Although we are bound to follow this rather unsatisfactory rule, it is inapplicable in the instant suit as here 30 years prescription acquirendi causa was not pled by way of exception and tried preliminarily. Instead, it was pled in the answer as an affirmative defense and sustained after a trial on the merits.
The other two specifications of error are directed at the sufficiency of the defendants’ proof of possession as owners and the failure of the court to find that they were precarious possessors. These will be considered together.
It is clear from the testimony in the record that each of Tracts 1 through 6 was entirely enclosed by fencing before 1939, probably in the early 30’s. Each defendant used his land for agricultural purposes every year. At first corn or other crops were planted and subsequently some of the tracts were used as hay meadows. No evidence was offered by the plaintiffs which contradicted this. Most witnesses testified that the defendants and their ancestors were recognized in the community as owners of their respective tracts. No attempts were made to evict them and no one told them to vacate the premises. Under the circumstances we certainly cannot say that the trial judge erred in concluding that the defendants’ respective possession of Tracts 1 through 6 was sufficient to establish ownership thereof through 30 years prescription even though the tracts were not assessed to such parties and no taxes were paid by them thereon. William T. Burton Industries, Inc. v. Cook, 322 So.2d 880 (La.App. 3 Cir. 1975).
The plaintiff’s contention that the failure of defendants to assert any interest in or claim royalty from a producing oil well located a short distance north of Tract 5 indicates they did not possess as owners of their respective properties lacks merit. The well was not located on any of the land involved in this suit nor was any proof offered which indicated that it produced oil from same.
*831 Nor can we agree with the plaintiff’s contention that the defendants were precarious possessors unable to prescribe under LSA-C.C. Arts. 3490, 3510 and 3511. The record contains testimony by a witness who worked for Louisiana Delta Hardwood Lumber Company (apparently a record owner in the early chain of title) that Melinda Hailey, defendant Hailey’s mother, executed several leases to the lumber company for $1.00 a year around 1947. At the time she was living with Davis Hailey and his brother in a house erected by the former in the early 1930’s on Tract 3. Melinda and her husband had erected a log house and occupied all or part of Tract 3 since the early 1890’s. She died in 1961 and was predeceased by her husband.
Defendant Hailey admitted that his mother signed “some kind of little old paper” for one year two or three times before World War II. However, he said he had not read them and did not know what they were. These documents were not recorded and neither the originals nor the copies could be produced. The trial judge concluded that without such instrument he could not determine whether they were actually leases that affected the land possessed by Mrs. Hailey or the other parties to this suit. Also he believed it improbable that Mrs. Hailey would knowingly relinquish long vested rights for only a dollar. Therefore, the judge concluded that no acknowledgement of Delta’s title was adequately proven. The other defendants denied that they or their ancestors had executed any leases covering their respective tracts.
LSA-C.C. Art. 3520 provides that prescription ceases to run whenever the possessor acknowledges the right of the person against whose title they prescribe. Although the case involved liberative prescription running against mineral servitudes, in Placid Oil Co. v. George, 49 So.2d 500, 505 (La.App. 2 Cir. 1951), reversed on other grounds, 59 So.2d 120 (La.1952), the court expounded on the requirements of this co-dal article, which is equally applicable to acquisitive prescription, as follows:
“We think it is well established by our jurisprudence that the acknowledgment contemplated by the codal article must comply with certain very definite requirements. The acknowledgment must be express; it must be certain; it must be definite; it must be accompanied by or coupled with the clear purpose and intention of the party to interrupt prescription by such an acknowledgment.”
And in Montgomery v. Breaux, 338 So.2d 314, (La.App. 3 Cir. 1976), with respect to a verbal acknowledgment of non-ownership this court said:
“[SJuffice it to say that factual conclusions of the trial court, particularly where the credibility of witnesses is involved, should not be disturbed on appellate review except upon a finding of manifest error.”
We cannot say the trial judge so erred in his conclusion that the proof in this case was insufficient to establish an acknowledgment on the part of Melinda Davis which caused her possession and that of her son, Davis B. Hailey, to be precarious and defeated the plea of 30 years prescription acquirendi causa.
In regard to Tract 7, the record discloses that this was a part of a larger tract of land occupied as the homeplace of Jodie Allen, the father-in-law of Edward Skra-ble. The latter testified that Tract 7 is timberland, but he has been putting his cattle on it at night to “bed up” for about 25 years. He testified without objection that he had bought the interests of all but one of his wife’s co-heirs in the whole tract. Apparently, Jodie Allen and his family exercised some possession over the large tract for many years. However, the proof in the record does not establish that either Tract 7 or the whole tract has been completely enclosed by fences or other definite markings providing notice to the public of the extent of the possession for the required 30 year period. Consequently, we must necessarily conclude that the trial judge was manifestly in error in sustaining defendant Skrable’s plea of prescription as to this tract. Hill v. Richey, 221 La. 402, 59 So.2d 434 (La.1952); *832 William T. Burton Industries, Inc. v. Cook, supra.
For the foregoing reasons, the judgment of the district court is reversed insofar as it sustains the plea of 30 years prescription of defendant, Edward Skrable, and recognizes his ownership of Tract 7 and in this respect It Is Ordered, Adjudged and Decreed that the plaintiff, S. R. Finley, is recognized as the owner of the following described property situated in LaSalle Parish, Louisiana:
“Tract 7:
“From the Northeast corner of Section 26, Township 7 North, Range 3 East, La-Salle Parish, Louisiana, go North 81 degrees 39 minutes West 2,666.9 feet to the point of beginning proper: From said point of beginning go South 144.8 feet; thence go South 80 degrees 27 minutes East 98.8 feet; thence go North 8 degrees 33 minutes East a distance of 145.4 feet or to the Northern boundary line of Section 26, Township 7 North, Range 3 East, LaSalle Parish, Louisiana; thence go North 81 degrees 39 minutes West a distance of 120.3 feet or to the point of beginning proper, containing 0.36 acres, and being more particularly described by plat or survey of James H. Tooke, Civil Engineer, prepared on June 7, 1978, at the request of Mr. Samuel R. Finley.”
It is amended to assess the costs of court, including this appeal, in the proportions of V1? to defendant, Edward Skrable, and % to plaintiff, S. R. Finley. Otherwise, the judgment of the district court is affirmed.
REVERSED IN PART AND RENDERED, AMENDED AND AFFIRMED IN PART.
CULPEPPER, J., concurs and assigns reasons.