HALL, Judge.
Plaintiff, Ruston State Bank and Trust Company, filed suit against Jimmy Theodus and George Theodus alleging that Jimmy Theodus is indebted to the bank for $16,-563.35 on a promissory note held by the bank and that George Theodus is indebted to the bank to the extent of $10,000.00 under a continuing guaranty agreement. George Theodus answered denying any indebtedness and pleading defenses of novation, release, fraud, error and want or failure of consideration. Defendant prayed for a trial by jury of all issues.
Plaintiff filed a motion seeking to limit the issues for determination by the jury to the issues of fraud, error and failure of consideration, relying on LSA-C.C.P. Art. 1733 which provides that a trial by jury shall not be available in “a suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want or failure of consideration.” After hearing, the trial court ruled that the issues of fact for determination by the jury would be limited to questions of fraud, error and want or failure of consideration; all other issues to be determined by the judge. In the meantime, a default judgment for the balance due on the note was rendered against Jimmy Theo-dus.
*900 Defendant George Theodus perfected a suspensive appeal from the order limiting the issues to be tried by the jury. This court, on its own motion, dismissed the appeal because the order was neither a final judgment nor an interlocutory order which may cause irreparable injury and, therefore was not appealable under LSA-C.C.P. Art. 2083. Ruston State Bank & Trust Company v. Theodus, et al., 366 So.2d 218 (La.App. 2nd Cir. 1978).
Defendant’s subsequent application for writs was granted by this court in order to review the correctness of the trial court’s ruling. The precise issue presented is: Where the defendant in a suit on an unconditional obligation to pay a specific sum of money pleads defenses of fraud, error and want of consideration, along with other defenses, and prays for a trial by jury, is the defendant entitled to a jury trial on all issues, or is the defendant entitled to a jury trial only on the issues of fraud, error and want of consideration, with the judge to decide all other issues?
LSA-C.C.P. Art. 1731 provides: “Except as limited by Article 1733, the right of trial by jury is recognized.” The right of a litigant to jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or of forfeiture thereof. The right to trial by jury in a civil case is a basic right and should be protected in the absence of specific authority for its denial. Champagne v. American Southern Insurance Co., 295 So.2d 437 (La.1974). A civil litigant is not to be deprived of the important right of jury trial except by express legislative provision. The legislature has provided for the right of jury trial in all civil cases, with only express exceptions. Jones v. City of Kenner, 338 So.2d 606 (La.1976).
LSA-C.C.P. Art. 1733 lists specific exceptions to the general rule that a jury trial is available in civil cases. Among other exceptions the article provides that a trial by jury shall not be available in a suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want or failure of consideration.
The present suit does not fall within the exception because defenses of fraud, error and want or failure of consideration have been pleaded, taking the case out of the exempted category. The article does not provide that where the defenses of fraud, error or lack of consideration are pleaded the jury trial will be limited to those issues or defenses. Such a limitation should not be read into the code article. The literal and plain meaning of the code provision is that the exception is not applicable if the stated defenses are raised. Article 1733 deals with “suits”, not issues.
As urged by plaintiff, LSA-C.C.P. Art. 1735 recognizes that there may be one trial where some issues are tried by the jury and other issues are tried by the judge. See: Jones v. City of Kenner, supra, Champagne v. American Southern Insurance Co. supra, and Montgomery v. Breaux, 338 So.2d 314 (La.App. 3rd Cir. 1976), writ refused 341 So.2d 410 (La.1977). However, the article specifically provides that the trial of “all issues” shall be by the jury unless the parties stipulate otherwise or “unless the right to trial by jury as to certain issues does not exist.” In each of the cited cases there was an express exception or exemption such as a suit against a political subdivision, LSA-R.S. 13:5105 and LSA-C.C.P. Art. 1733(5), and a summary proceeding, LSA-C.C.P. Art. 1733(3). There is no such express exception as to suits on unconditional obligations to pay a specific sum of money where the enumerated defenses are pleaded, as in the instant case. Defendant is entitled to a trial by jury of all issues.
No issue has been raised by either party as to whether the continuing guaranty agreement involved in this case is an unconditional obligation to pay a specific sum of money. Consequently, we make no determination in that respect.
The writ issued herein is made peremptory, the judgment of the district court is reversed and set aside, the motion filed by plaintiff to limit the issues triable by the jury is overruled, and the case is remanded *901 for further proceedings in accordance with law and consistent with this opinion. Plaintiff is cast for all costs relating to this writ of certiorari; all other costs to await final judgment in this case.
Reversed and remanded.