446 So.2d 890 (1984)
Raleigh DARDAR, et al.
v.
TEXOMA CONTRACTORS, INC., et al.
No. 83 CA 0351.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*891 Thomas E. Dunn, and Kenneth W. Manuel, of Ungar, Jacobs, Manuel & Kain, New Orleans, for plaintiffs-appellants Raleigh Dardar and Evelyn Dardar.
Lloyd T. Bourgeois, and Christopher Riviere, of Porteous, Hainkel, Johnson & Sarpy, and John L. Lanier, of Pugh, Lanier & Pugh, Thibodaux, for defendants-appellees Texoma Contractors, Inc., Robert T. Schertler and Allstate Ins. Co.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is an appeal by the plaintiffs, Raleigh and Evelyn Dardar, from a judgment notwithstanding the jury verdict, in their favor, awarding damages from personal injuries in an amount allegedly inadequate. We reverse and remand.
On or about July 27, 1979, Evelyn Dardar was operating an automobile in a southerly direction on Louisiana Highway 308 in the Parish of Lafourche, when she was rear-ended by a vehicle owned by defendant-appellee, Texoma Contractors, Inc., and operated by defendant-appellee, Robert T. Schertler. At this time, Allstate Insurance Company had in effect a policy of liability insurance covering the automobile.
The plaintiffs filed a suit for personal injuries and damages against the defendants. A jury trial was fixed. Before the trial on the merits, an agreement was reached whereby the defendants stipulated to liability and the plaintiffs agreed to limit their recovery to the insurance policy limits. The trial extended over a three day *892 period, at the conclusion of which the jury returned a verdict in favor of the defendants. During his instructions to the jury, the judge gave the jury a verdict form on the liability of the defendant as well as a verdict form in favor of plaintiff.
The plaintiffs filed a motion for a new trial and/or motion for judgment notwithstanding the verdict. The plaintiffs argued that inasmuch as the defendants had stipulated liability, the jury's verdict of no liability against the defendants was clearly wrong and inconsistent with the evidence. The motion came on for hearing, and the trial judge granted a judgment notwithstanding the verdict. Judge Knobloch awarded $2,926.51 to the plaintiff, Raleigh Dardar, for medical expenses and loss of wages to the community, $12,500.00 to the plaintiff, Evelyn Dardar, for her personal injuries, together with expert witness fees to be taxed as costs.
The judgment notwithstanding the verdict was rendered on December 15, 1982, and plaintiffs were granted suspensive and devolutive appeals from the judgment.
On January 28, 1983, the trial court signed an order allowing Allstate, Texoma and Schertler to deposit in the registry of the court the amount of the awards, plus legal interest, and all costs.
On Appeal, it is the plaintiffs' primary contention that they were effectively denied a right to a jury trial as a result of the jury's failure to consider the only issue presented to it, i.e., the issue of quantum.
Pursuant to LSA-C.C.P. arts. 1731-1732, litigants have a right to trial by jury; this right is a basic right, which should be zealously protected. Ruston State Bank & Trust Company v. Theodus, 367 So.2d 899 (La.App. 2nd Cir.1979).
Our review of the entire record, particularly the jury charges and the verdict forms used in connection therewith, convinces us that the trial judge's submission to the jury of the verdict form on the issue of the liability of the defendants, under the circumstances of this case, constituted reversible error. The question of the defendants' liability had been pretermitted by the stipulation of the parties. The question of liability was not before the jury, yet the verdict shows that only the liability of the defendants was considered by the jury. Finding no liability, the jury did not reach the question of quantum. The verdict is erroneous and contrary to the evidence presented to the jury.
The jury's verdict was based on an erroneous application of the verdict forms, and the trial court's decision was based on an erroneous interpretation and application of the law, rather than a valid exercise of its discretion; such incorrect decision is not entitled to deference. See Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). We find that the plaintiffs were deprived of a meaningful jury trial on the issue of quantum, which should have been the only issue presented to the jury for consideration, after correct jury instructions and with a proper verdict form.
For the trial court to fix damages and for us either to agree or disagree on its fixing of damages is to deprive the plaintiffs of their right to trial by jury. Hence, we will not consider the issue of quantum at this time, but will remand for a new trial by jury, solely on the question of damages. Liability of the defendants has been stipulated. The issue of whether or not the accident was caused by the fault of the defendants is not to be re-submitted to the jury on the new trial. The form of the verdict shall properly reflect that only the amount of damages, if any, sustained by the plaintiffs as a result of this accident is to be considered and decided by the jury.
This case is distinguishable from Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). In Gonzales the issue of liability was before the jury. The jury fully considered all of the issues, although the trial court had made a consequential but erroneous instruction to the jury on the duty of motorists toward small children. Neither party was deprived of its right to a jury trial. Briefly, in Gonzales, the Court of Appeal had found a jury charge substantially *893 deficient and had remanded the case for a new trial. The Supreme Court disagreed with the intermediate appellate court's sending the case back for a new trial, and remanded the case to the Court of Appeal to consider the trial record and decide the case on the merits, reasoning that since the record was complete and the state constitution vests fact-finding jurisdiction in the appellate courts, judicial economy was best served by decision on the merits on the record rather than remand. Thus, it is only where a finding of fact is prevented because of some legal error implicit in the fact-finding process, or when a mistake of law forecloses a finding of fact, and where the record is complete, that the appellate court, should decide the case on the merits on the record. Gonzales v. Xerox Corporation.
Appellate courts are given the power to remand an action for proper consideration when the record is so incomplete that the court is unable to pronounce definitely on the issues presented or where the parties have failed, for whatever reason, to produce available evidence material to a proper decision. Bodin v. Bodin, 392 So.2d 759 (La.App. 3rd Cir.1980).
In the instant case it is apparent that the plaintiffs had evidence available to them to establish a connexity between the accident admittedly caused by the fault of the defendants and the personal injuries complained of. We feel that, in the interest of justice, the judgment of the trial court and the verdict of the jury must be reversed and this matter remanded to the trial court for consideration of the issue of quantum by a jury.
For the foregoing reasons, the judgment of the lower court is reversed; the case is remanded. Costs of this appeal are assessed against the defendants-appellees; all other costs are to await a final determination.
REVERSED AND REMANDED.
SAVOIE, J., concurs.