453 So.2d 1209 (1984)
Hazel ELLIS
v.
ALLSTATE INSURANCE COMPANY, et al.
No. 83-CA-678.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
Rehearing Denied August 17, 1984.
*1210 Morris Bart, III, New Orleans, for plaintiff-appellee.
Murphy & Simon, James S. Rees, III, New Orleans, for defendants-appellants.
Before CHEHARDY, KLIEBERT and GRISBAUM, JJ.
GRISBAUM, Judge.
This is an appeal from a judgment notwithstanding the verdict.
Three issues are presented:
(1) Whether the trial court erred in granting a judgment notwithstanding the verdict?
(2) Whether the trial court erred in casting the defendant for expert witness fees?
(3) Whether the trial court erred in casting the defendant for jury costs in its judgment notwithstanding the verdict?
This is a personal injury suit to recover damages for an automobile accident. The accident involved an automobile driven by plaintiff, Hazel Ellis, a tractor trailer cab driven by Paul Goudy and owned by Cazell Goudy, an automobile owned and operated by David Ragusa, and an automobile driven by Linda Hennessey. Initially, Ellis named as defendants David Ragusa, Allstate Insurance (as insurer of David Ragusa), Linda Hennessey, Cazell Goudy, and Paul Goudy; however, Ellis requested service only upon Allstate. Denying liability, Allstate answered the plaintiff's petition and filed a third-party demand against Linda Hennessey and Paul Goudy. Allstate requested service of this third-party demand only upon Paul Goudy. No answer was filed by Mr. Goudy, and a preliminary default was entered against him.
The case was tried before a jury which returned a verdict in favor of the plaintiff and against Allstate for $2394.67. The jury also found defendant, David Ragusa, to be 49 percent at fault in causing the accident, and defendant, Paul Goudy, to be 51 percent at fault. The judgment further cast Allstate for the expert witness fee of Dr. Chapel (plaintiff's medical experta chiropractor) and awarded a $200 expert fee. Allstate was also cast for court costs. On the same day the judgment was signed, plaintiff filed a "Motion for Judgment N.O. V." seeking an increase in the quantum award. The trial court granted the motion and increased the quantum to $6985.08. In addition, the trial judge specified the jury cost as $813.41.
The trial judge justified his granting of a judgment notwithstanding the verdict in the following manner:
Prior to trial on this matter, plaintiff and defendant entered into the following stipulations concerning damages:

Property Damage ................... $1,800.00
Vehicle Rental .................... 480.61
Dr. LaNasa ........................ 25.00
Appraisal on Car Damage............ 15.00
Towing ............................ 45.00
Prescriptions ..................... 9.67
Dr. Chapel ........................ 1.049.80
 _________
Total ............................. $3,485.08

Although the award in this matter was "in globo", it is readily apparent that the jury failed to award all the damages which were stipulated. As near as the court can discern, the jury awarded plaintiff the following:

*1211
Property damage .................. $1,800.00
Appraisal ........................ 15.00
Towing ........................... 45.00
Dr. LaNasa ....................... 25.00
Prescription ..................... 9.67
Pain and Suffering ............... 500.00
 _________
Total ............................ $2,394.67

Apparently the jury failed to award: The medical expenses incurred by Dr. Chapel's treatment which totaled $1,049.80; vehicle rental of $480.61 and the cost of the medical report of $60.00. These special damages total $1,590.41.
He further explained the jury apparently ignored his instructions which read "when the attorneys on both sides stipulate or agree to the existence of a fact, the jury must accept the stipulation as evidence, and regard that fact as conclusively proved." He reasoned that once the jury found fault on the part of defendant, the jury had no discretion in determining what special damages were due since the amount of the special damages was stipulated to by the parties.
The jury interrogatories did not specifically itemize the damage award. The interrogatories with the jury's answers read as follows:

JURY INTERROGATORIES
1. Do you find that David Ragusa was at fault in this accident between plaintiff and defendant? Yes 9 No 3
A) If so, was his fault a cause, in fact, of the damages sustained by Hazel Ellis? Yes 12 No 0
B) Please state the percentage of fault of David Ragusa in causing this accident? 49%
2. Do you find that Paul Goudy was at fault in causing the accident? Yes 11 No 1
A) If so was his fault a cause, in fact, of the damages sustained by Hazel Ellis? Yes 11 No 1
B) Please state the percentage of fault of Paul Goudy in causing this accident. 51%
3. The total dollar amount of damages sustained by Hazel Ellis as a result of the injury and/or loss. $2394.67
Gretna, Louisiana, this 27 day of October 1982.
When the trial judge presented his charges and these jury interrogatories, both were generally accepted by plaintiff and defendant. Plaintiff's counsel did request that the stipulated damages for her automobile of $1800 be taken in with the jury when it retired. Other than this request, no objection was made to the jury interrogatories.
Importantly, Allstate argues although it stipulated to the amount of the chiropractor's service, it did not stipulate that chiropractic services were connected to or required by the injury incurred by plaintiff. Allstate contends that this connection between the injury and the need for chiropractic services was a question of fact to be determined by the jury.
ISSUE ONE
In analyzing this issue, the central question to be addressed is whether the trial court's granting of a judgment notwithstanding the verdict deprived the defendant of the jury trial guarantee of our Code of Civil Procedure articles 1731-1732. See, Ruston State Bank & Trust Company v. Theodus, 367 So.2d 899, 900 (La. App.2d Cir.1979). We find the trial court violated defendant's right to a jury trial on the issue of damages by its granting a judgment notwithstanding the verdict. Two Louisiana Code of Civil Procedure articles are pertinant to our analysis: First, Louisiana Code of Civil Procedure article for a judgment notwithstanding the verdict, article 1810.1[1] which provides:

*1212 A. After a verdict has been returned by the jury, the court upon timely motion may set aside the verdict and enter a judgment notwithstanding the verdict in favor of any party.
A motion for a new trial may be joined with a motion for a judgment notwithstanding the verdict, or a new trial may be prayed for in the alternative.
B. A motion for a judgment notwithstanding the verdict shall be made not later than seven days after the clerk has mailed, or the sheriff has served, the notice of judgment. If a verdict was not returned, a party, not later than seven days after the jury was discharged, may move for a judgment notwithstanding the verdict.
C. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct that a judgment be rendered. If no verdict was returned, the court may direct that a judgment be rendered or may order a new trial.
D. If the motion for a judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted, and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment.
In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court orders otherwise.
If the motion for a new trial has been conditionally denied, and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
E. The party whose verdict has been set aside on a motion for a judgment notwithstanding the verdict may move for a new trial pursuant to Articles 1972, 1973, or both. The motion for a new trial shall be filed no later than seven days after the signing of the judgment notwithstanding the verdict. The motion shall be served pursuant to Article 1976.
If the motion for a judgment notwithstanding the verdict is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling him to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for a judgment notwithstanding the verdict. If the appellate court reverses the judgment, nothing in this Article precludes the court from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted.
Article 1811 presently provides:
A. (1) Not later than seven days after the signing of the judgment or, if notice of the signing of the judgment is required under Article 1913, not later than seven days after the clerk has mailed or the sheriff has served the notice, a party may move for a judgment notwithstanding the verdict. If a verdict was not returned, a party may move for a judgment notwithstanding the verdict not later than seven days after the jury was discharged.
(2) A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative.
B. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or render a judgment notwithstanding the verdict. If no verdict was returned, the court may render a judgment or order a new trial.

*1213 C. (1) If the motion for a judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment.
(2) If the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court orders otherwise.
(3) If the motion for a new trial has been conditionally denied and the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
D. The party whose verdict has been set aside on a motion for a judgment notwithstanding the verdict may move for a new trial pursuant to Articles 1972 and 1973. The motion for a new trial shall be filed no later than seven days after the signing of the judgment notwithstanding the verdict or if notice of the signing of the judgment is required under Article 1913, not later than seven days after the clerk has mailed or the sheriff has served the notice. The motion shall be served pursuant to Articles 1976 and 1314.
E. If the motion for a judgment notwithstanding the verdict is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling him to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for a judgment notwithstanding the verdict. If the appellate court reverses the judgment, nothing in this Article precludes the court from determining that the appellee is entitled to a new trial or from directing the trial court to determine whether a new trial shall be granted.
Also of importance is Louisiana Code of Civil Procedure article for general verdict accompanied by answers to interrogatories, article 1812[2], which provides:
The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict.
When the general verdict and the answers are harmonious, the court shall *1214 direct the entry of the appropriate judgment upon the verdict and answers.
When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict, or may return the jury for further consideration of its answers and verdict, or may order a new trial.
When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial.
Paragraph 3 of this article would allow the court to grant a judgment notwithstanding the general verdict when the answers to the interrogatories were consistent, but one or more of the answers was inconsistent with the general verdict.
Louisiana's procedural articles for judgment notwithstanding the verdict and for general verdicts accompanied by answers to interrogatories are patterned after Federal Rules of Civil Procedure 50(b), (c), (d), and 49(b) respectively; we, therefore, consult federal decisions interpreting these provisions for guidance. Madison v. Travelers Insurance Co., 308 So.2d 784, 786 (La.1975).
Examining the appropriateness of a district court's increase in damages justified on the basis of its conclusion that answers to interrogatories were consistent with each other but inconsistent with the general verdict, the court in United Air Lines, Inc. v. Wiener, 335 F.2d 379, 407 (9th Cir. 1964), enunciated the following guidelines:
... an increase by a court of the jury's assessment of damages which is a bald addition of something which in no sense can be said to be included in the verdict is violative of the Seventh Amendment; the rule that special findings prevail over a general verdict must be carefully applied so as not to invade the province of the jury; no such invasion occurs where the special findings are in conflict with the general verdict and where the special findings compel the judgment rendered thereupon. (Emphasis added)
In the present case there is no itemization of various aspects of damages in the interrogatories presented to the jury. The jury merely awarded a lump sum award. The trial court's calculation of additional damages based upon its conclusion that the jury excluded the special damages is speculative. Because the jury returned a general verdict of a lump sum, the trial court's increase in this award deprived defendant of a jury trial on the issue of quantum. See, Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935); United Air Lines, 335 F.2d 379, 406.
We also conclude that an additur (which would allow avoidance of a new trial if defendant consents to the additur) under article 1813 is not appropriate. Our Code of Civil Procedure article 1813 in effect in 1982 provided:
If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith. (Emphasis added)
This article provided that the trial court could order additur or remittitur only if the amount of the excess or inadequacy could be separately and fairly ascertained. In Miller v. Chicago Insurance Company, 320 So.2d 134, 139 (La.1975), the Louisiana Supreme Court interpreted this language to mean"additur and remittitur are available if the issue of quantum is clearly and *1215 fairly separable from other issues in the case." Reasoning that additur and remittitur are alternatives to a new trial, the Supreme Court explained that a trial court can grant a new trial on some but not all of the issues but only where those issues are clearly and fairly separable.[3]
The issue of quantum is not separable from the question of degree of injury. Defendant, as previously stated, contends the plaintiff did not prove her use of chiropractic services was sufficiently connected with the injury she received from the automobile accident. The jury verdict, it claims, reflects an exclusion of this amount as well as amounts for car rental and a medical report. Since the jury damage award was an in globo award, it is impossible to discern what amounts the jury felt were appropriate for various items of damages. We find the issues of causation, degree of injury, and the amount of damages are not separable; therefore, an additur is not available in this case.
ISSUE TWO
In addressing the second issue of whether the trial court erred in casting the defendants for expert witness fees, we note Louisiana Revised Statute 13:3666, which provides:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same, or
(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause....
Our caselaw, which has interpreted our statutory provisions, generally holds the fixing of an expert witness fee lies within the sound discretion of the trial court and is not subject to reversal unless there exists an abuse of discretion. See, Kalmn, Inc. v. Empiregas Corp., 406 So.2d 276, 282 (La.App. 3rd Cir.1981). After a careful review of the record, we find no such abuse.
ISSUE THREE
Finally, the record reflects in the trial court's initial judgment, which was dated November 9, 1982, the defendants being assessed for "all costs." The record also reflects, from the judgment N.O.V., which was dated January 4, 1983, the court assessed the defendants with "jury costs of $813.41." Apparently, the trial court was simply further defining its prior judgment by specifying certain court costs (jury costs) and in assessing the expert fee of $200, which was in conformity with its prior judgment of November 9, 1982.
Louisiana Code of Civil Procedure article 1951, which addresses an amendment of judgment, states that a trial judge *1216 has the discretion to alter the phraseology of a judgment or errors in calculation. We find, from the circumstances presented, the trial court, in casting the defendant for the jury costs, did nothing more than clarify its initial judgment and alter its phraseology. Therefore, we find the trial court did not err in casting the defendants for the jury costs of $813.41.
For the foregoing reasons, the judgment notwithstanding the verdict is set aside. The judgment of November 9, 1982 is reinstated.[4] Appellants are assessed to pay for all costs of this appeal and jury costs of $813.41.
SET ASIDE IN PART AND AFFIRMED IN PART.
KLIEBERT, J., concurs.
KLIEBERT, Judge, concurring.
I concur in the results but not necessarily for the reasons stated by the majority.
NOTES
[1] Louisiana Code of Civil Procedure article 1810.1, which was effective in 1982, is presently Louisiana Code of Civil Procedure article 1811.

Plaintiff's motion for judgment notwithstanding the verdict was filed on November 9, 1982. The motion came for hearing on December 6, 1982, and the trial court granted the judgment notwithstanding the verdict on January 4, 1983. In his reasons for judgment, the trial judge stated he entered the judgment pursuant of Louisiana Code of Civil Procedure article 1810.1. In 1983, article 1810.1 was amended with only a slight change (the last paragraph was designated as section F).
Acts 1982, Number 534, Section 11, repealed 1810.1; the substance of 1810.1 was retained in a new article, article 1811, which is presently effective. Article 1811 contains the provisions of former article 1810.1 with a few changes in style and a change in when the motion for judgment notwithstanding the verdict must be filed. (See Louisiana Code of Civil Procedure article 1811, 1983 Revision Comments.)
[2] The provisions of article 1812 effective in 1982 are presently found in Louisiana Code of Civil Procedure article 1813, which provides:

A. The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict.
B. The court shall inform the parties within a reasonable time prior to their arguments to the jury of the general verdict form and instructions it intends to submit to the jury, and the parties shall be given a reasonable opportunity to make objections.
C. When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers.
D. When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict, or may return the jury for further consideration of its answers and verdict, or may order a new trial.
E. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial.
[3] The new additur/remittitur article, article 1814, embodies this interpretation. It provides:

If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the part or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the issue of quantum is clearly and fairly separable from other issues in the case. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith. (Emphasis added.)
[4] Plaintiff did not join a motion for new trial with her motion for judgment notwithstanding the verdict nor was a new trial prayed for in the alternative. (Louisiana Code of Civil Procedure article 1810.1)