628 So.2d 1198 (1993)
Floyd Enyart MITCHELL et al., Plaintiffs-Appellees,
v.
Casey FRADELLA, Defendant-Appellant.
No. 93-493.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*1199 James Guenard Bethard, Coushatta, for Floyd Enyart Mitchell et al.
Frank Thomas Fradella, Metairie, for Casey Fradella.
Before LABORDE, COOKS and DECUIR, JJ.
LABORDE, Judge.
Defendant, Casey Fradella, appeals a judgment awarding plaintiffs ownership of his John Deere tractor as payment for an oral lease existing between plaintiffs and defendant. We affirm the trial court's judgment, but amend the damage award to exclude amount awarded for attorney fees.

FACTS
On October 1, 1989, defendant Casey Fradella entered into an agreement to lease property in Natchitoches parish, formerly known as "Del Acres," consisting of approximately ten acres, a horse barn and living quarters. From October 1989 through March of 1990, defendant paid his rent by making repairs, maintaining the premises, and paying utilities on the property.
Beginning in April 1990, the parties verbally agreed to rent of $400.00 per month *1200 plus the payment of all utilities. Defendant was injured in a riding accident and failed to make any rental payments to the plaintiffs for the period from April 1990 through December 1990. In lieu of rent, plaintiffs agreed to accept defendant's 1010 John Deere Tractor as payment for the debt. Rent owed for this nine month period totalled $3600; the value of the tractor was $3200. Plaintiffs agreed to accept the tractor from Fradella as payment in full for the period from April to December of 1990.
Defendant abandoned the property in late December 1990 without paying rent or utilities, and took the tractor with him. Plaintiffs filed suit February 6, 1991, demanding return of the tractor and seeking damages for conversion of the tractor as well as their loss of its use. In the alternative, plaintiffs requested damages of $3,200.00 for rent, plus the amount of utilities used by the defendant but not paid. Plaintiffs also prayed for court costs and judicial interest from date of judicial demand.
Defendant filed a reconventional demand, claiming that plaintiffs breached an agreement between the parties to create a "First Class Equestrian Facility." According to Fradella, plaintiffs agreed to provide all material for additions, remodeling, maintenance and upkeep of the facility. Fradella claims that plaintiffs' breaches entitle him to compensation for the labor he expended to maintain the property, plus damages of $885,180.00 for the business opportunity he claims was lost due to plaintiffs' actions.
The trial court awarded plaintiffs damages in the amount of $6,515.25 plus legal interest: $1,200 for expenses incurred in plaintiff's Christmas tree farm; $1,280 for depreciation of the tractor; $540 for interest on a loan money used to purchase a new tractor to replace the one defendant appropriated; and $3,495.25 for inconvenience, time devoted to litigation and costs in successfully litigating this case. The court dismissed Fradella's reconventional demand with prejudice.
Defendant assigns as error the following:
1. denial of defendant's exception of no cause of action;
2. denial of defendant's request for a jury trial;
3. exclusion of defendant's expert testimony;
4. trial court's awarding of damages not plead, including attorney's fees; and
5. granting of plaintiff's motion to strike specific monetary amounts from defendant's reconventional demand.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court dismissed defendant's peremptory exception of no cause of action, giving rise to Fradella's first assigned error.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971).
Kuebler v. Martin, 578 So.2d 113 (La.1991). According to Young v. Central Louisiana Legal Services, 432 So.2d 1072 (La.App. 3 Cir.1983), the peremptory exception of no cause of action tests the sufficiency in law of plaintiff's petition to allow recovery by anyone against defendant, as opposed to the exception of no right of action, which tests whether a particular plaintiff enjoys a given right in a certain set of circumstances. The exception must be overruled unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does the plaintiff have a cause of action; any doubts must be resolved in favor of the sufficiency of the pleadings to state a cause of action. Id. at 1074.
On appeal, an exception of no cause of action should be sustained only if it is clearly shown that, based on the well-pleaded allegations *1201 of fact contained in the petition, the law affords no one a remedy for the grievances alleged, under the circumstances alleged, under any theory of the case. Williams v. Hattan, 594 So.2d 977 (La.App. 3 Cir.), writ denied, 600 So.2d 606 (La.1992).
In the present case, the petition does allege a cause of action upon which a remedy may be granted. The complaint alleges that an oral lease existed between the parties which was breached by the defendant. LSA C.C. Art. 2683 states that leases may be made either by written or verbal contract. LSA C.C. Art. 2670 lists the three requirements for a lease: thing, price and consent.
The petition designates the leased property as "Del Acres" located in Natchitoches Parish off Waterwell Road, and describes it as comprising approximately ten acres, and which includes a horse barn and living quarters, thus satisfying the first requirement.
The price element is also contained in the petition. Defendant was to pay for the lease by making repairs, paying for upkeep, maintaining the premises, and paying utilities from October 1989 through March 1990. From April 1990 through December 1990, defendant was to pay $400.00 per month plus utilities.
Finally, plaintiffs alleged defendant consented to the lease. A contract is formed by the consent of the parties established through offer and acceptance; offer and acceptance may be made orally, in writing, or through actions or inactions clearly indicative of consent. C.C. 1927. Plaintiffs' petition states that defendant originally entered into an oral lease to rent Del Acres in exchange for work, subsequently amended the lease to pay $400 per month to continue the lease, and after becoming unable to pay this modest sum requested that plaintiffs accept his tractor as payment of the lease. Plaintiffs therefore alleged that defendant consented to the lease through his agreement to exchange his tractor for payment of the lease obligation and also through his use of the property.
The trial court did not err when it overruled defendant's exception of no cause of action. Plaintiff's petition does allege a cause of action upon which a remedy may be granted.

ASSIGNMENT OF ERROR NUMBER TWO
Next, Fradella claims he was entitled under LSA C.C.P. art. 1732 to a trial by jury because plaintiffs' suit against him concerned an unconditional obligation to pay a specific sum of money owed on a lease. LSA C.C.P. Art. 1732 provides in pertinent part as follows:
A trial by jury shall not be available in:
* * * * * *
(2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want, or failure of consideration.

* * * * * *
(Emphasis added.) Because his defense to plaintiffs' claims was grounded on failure of consideration, Fradella contends that a jury trial should have been available to him. We disagree. Defendant's interpretation of this jury trial procedure would require us to ignore the clear pronouncement of the Code of Civil Procedure article preceding LSA CCP Art. 1732. According to that provision:
A. Except as limited by Article 1732, the right of trial by jury is recognized.
B. The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.
LSA CCP Art. 1731. The clear import of LSA CCP Art. 1731 and LSA CCP Art. 1732 applied in pari materia is that jury trials are only available when justified by the nature and amount of the principal demand, LSA CCP Art. 1731; in accord, Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988), a determination which must be made by the trial judge. The trial judge concluded that *1202 plaintiffs' demand was not concerned with an amount in controversy of sufficient size to enable either party to demand a jury, and we agree.
May v. Winn Dixie Louisiana, Inc., 613 So.2d 1026 (La.App. 3 Cir.1993) further explains that LSA CCP 893 protects a defendant's right to a jury in case plaintiff fails to request one. The court described the procedure set out in LSA CCP 893, which allows the defendant the right to establish by interrogatory a specification of the amount sought as damages. If the defendant follows this procedure and the alleged damages exceed $20,000, the defendant has established its right to a trial by jury. Fradella did not comply with the requirements of the article, and hence did not maintain his right to a trial by jury.
The authority cited by Fradella does not control. Ruston State Bank & Trust Co. v. Theodus, 367 So.2d 899 (La.App. 2 Cir.1979), concerned whether a party who defends himself on the ground of fraud, error, or want of consideration is entitled under LSA CCP Art. 1732(2) to a jury trial on all the issues or only on the issues of fraud, error and want of consideration; the present case concerns whether the defendant had a right to a jury trial at all. Sharkey v. Sterling Drug, Inc., 600 So.2d 701 (La.App. 1 Cir.1992), writ den. 605 So.2d 1099, 1100, and Revel v. Telecheck Louisiana, 581 So.2d 405 (La.App. 4 Cir.), writ denied, 588 So.2d 1116 (La.1991). (party's right to jury trial limited by law and procedural forms; nonetheless plaintiff's jury request timely) only concerned the timeliness for requests of jury trials.
The trial court properly determined that Fradella was not entitled to a jury because the amount of the principal demand was not of a sufficient amount to entitle either party to one.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant assigns as error the trial court's limitation of expert testimony he sought to introduce at trial. Qualification of a witness as an expert by the trial judge lies within the trial judge's wide discretion, and such determinations will not be disturbed on appeal absent a showing of manifest error. Bateman v. Power Rig Rental Tool Co., 453 So.2d 998 (La.App. 3 Cir.1984); Richardson v. Continental Ins. Co., 468 So.2d 675 (La. App. 3 Cir.1985) writ denied 474 So.2d 1304; Matter of Aaron, 417 So.2d 105 (La.App. 3 Cir.1982). The defendant has not demonstrated any manifest error committed by the trial court in excluding the testimony of the two "experts."
Defense counsel tendered defendant as an expert in the value of maintaining the property as a ranch, horse barn, horse facility, and "whatever it takes to keep such a facility or entity ongoing." The trial judge sustained plaintiff's motion to limit defendant's expertise on the ground that he is not qualified to value properties, and we find no abuse of discretion in the court's ruling on this issue. Defendant may well be an expert in the area of equine science, but his knowledge of equine science offered the finder of fact little if anything in the way of an understanding of the actual value of Del Acres. See LSA C.E. Art 702.
As to the second "expert," defendant tendered Sally Cameron as an expert in the field of horse training and horse showing to testify as to his lost business opportunity. The trial court ruled that Cameron was not qualified to address the business aspects of operating a horse farm and therefore unqualified to testify as to defendant's reconventional demands, and we find no abuse of the court's wide discretion.

ASSIGNMENT OF ERROR NUMBER FOUR
Defendant asserts that the trial court committed reversible error in awarding plaintiffs damages they did not request, including attorney's fees. In its "Opinion on Damages," the court ruled that the plaintiffs were the lawful owners of the John Deere tractor, Model 1010 and awarded them damages of: *1203 $1,200 for expenses incurred in contracting the mowing of plaintiffs' Christmas tree farm; $1,280 for depreciation of the tractor; $540 for costs of borrowing money used to purchase a new tractor to replace the one defendant seized; and $3,495.25 for inconvenience, time devoted to litigation and costs incurred in successfully litigating this case.
In their petition, plaintiffs alleged damages for tortious conversion and loss of use of the tractor, for the utility charges defendant failed to pay, and for all costs of the proceedings, plus interest from date of judicial demand. The damages specified by the trial court in its opinion on damages for plaintiffs' having the Christmas tree farm mowed, depreciation of the tractor, and the cost of borrowing money to obtain a new tractor directly addressed areas of damage claimed by plaintiffs. The court acted within its discretion in awarding plaintiffs these damages.
The court also awarded plaintiffs damages of $3,495.25 for time spent and costs incurred in successfully litigating the case. According to plaintiff Enyart Mitchell's testimony at trial, the plaintiffs' attorneys fees totalled $3,495.25. Therefore, the testimony indicates the court awarded plaintiffs' attorney fees when attorney's fees were not pleaded or permitted, and further, when plaintiff's were not entitled to attorney fees.
Attorney fees are not allowed except where authorized by statute or contract. State, DOTD v. Williamson, 597 So.2d 439 (La.1992). There is no evidence to suggest the parties agreed to payment of attorney fees in case of breach of the lease. The trial court did not cite, nor is this court aware of any statute which entitles plaintiffs to an award of attorney fees for breach of a lease. Therefore, the award of damages is amended so as to exclude the amount granted plaintiffs for attorney fees, $3,495.25.

ASSIGNMENT OF ERROR NUMBER FIVE
Finally, Fradella claims that the trial court incorrectly applied LSA C.C.P. Art. 893(A) when it granted plaintiff's motion to strike the enumerated damages listed in defendant's original reconventional demand. Under the circumstances, LSA C.C.P. Art. 893(B) should have been applied, according to Fradella.
LSA. C.C.P. Art. 893(A) provides that no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand and that the prayer should be "for such damages as are reasonable in the premises." This provision also permits the opposing party to recover attorney's fees and costs for striking improperly enumerated damages.
LSA CCP Art. 893(B), on the other hand, states that the provisions of Paragraph A shall not apply to suits concerning conventional obligations; promissory notes; open accounts; other negotiable instruments; alimony; child support; tax claims; or in garnishment proceedings.
Throughout this proceeding, Fradella has maintained that he committed no wrong in vacating and taking his tractor because no valid lease was in effect. Now, solely with respect to this argument, he contends otherwise, that a conventional obligation did exist between the parties, and therefore the enumerated damages he requested should not have been stricken from his reconventional demand. Defendant submits no affidavits in support of his claim to show that a "lease/purchase" agreement existed, or that such a figure was contemplated by the parties. Most importantly, defendant presented no supporting evidence as to how the figure of $885,180 was calculated.
The trial court acted within its discretion when it found that defendant's reconventional demand did not fall under LSA C.C.P. Art. 893(B). Apparently, the court concluded, as do we, that defendant's claim of damages in the amount of $885,180 was not made in good faith and not supported by the evidence. See Recard v. Trinity Universal Ins. Co., 503 So.2d 519 (La.App. 3 Cir.1987), writ granted, 506 So.2d 105, dismissed, 509 So.2d 1011 (Right to jury trial contingent upon *1204 good faith amount in dispute, not simply amount demanded).

DECREE
For the reasons assigned above, the appellee's damage award is amended to omit the amount awarded for attorney fees, $3,495.25, and the judgment of the lower court is affirmed as amended. Costs of this appeal are assessed against defendant-appellant.
AMENDED AND AFFIRMED.