# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-245


**ELLEN IBERT**

**VERSUS**

**TIMOTHY V. CROULET AND
TAMRA A. CROULET**

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 93,629
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**

**Michael A. Smith, Jr.
Dowden & Smith, LLC
116 East Lula Street
Leesville, LA 71446
(337) 238-2800
COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Timothy V. Croulet**
    **Tamra A. Croulet**

**Ellen Ibert
200 Western Shores Drive
Anacoco, LA 71403
IN PROPER PERSON**

**AMY, Judge.**

The plaintiff sought a declaratory judgment to protect her alleged rights to a purported servitude in a residential subdivision, arguing in her petition that the defendants had obstructed her use thereof. The trial court ultimately ruled in favor of the defendants due to lack of evidence, and the plaintiff now appeals. For the following reasons, we affirm.

### Factual and Procedural Background

On October 17, 2016, Ellen Ibert filed a "Petition for Declaratory Judgment and Mandatory Injunction," in which she stated that she is the owner of a vacant residential lot known as Lot 18 of Paradise Cove Subdivision in Vernon Parish and that the named defendants, Timothy and Tamra Croulet, are the owners of Lot 17 in Paradise Cove Subdivision. In her petition, Ms. Ibert requested an order "to preserve and implement exercising full rights for preservation of said servitude legally recorded and referred to as North Street in Paradise Cove Subdivision, under Instrument No. 503997[.]" Ms. Ibert then asserted:

6.

FURTHER BE IT KNOWN, Plaintiff, ELLEN IBERT, has continuous use and rights as dominant estate,[1] full rights of enjoyment and use of herein said servitude as intended and designated under conveyance record have been obstructed, and Plaintiff is thereby requesting [a] court order granting full and unobstructed rights to Plaintiff pursuant to, and respectful of, Civil Codes.

7.

FURTHER, LET IT BE KNOWN, Defendants, TIMOTHY V. CROULET and TAMRA A. CROULET, refuse to recognize the dominant estate's real rights of action over serviant [sic] estate[']s property for access or further improvements with maintenance of the

---

[1] Louisiana Civil Code Article 706 defines affirmative servitudes as "those that give the right to the owner of the dominant estate to do a certain thing on the servient estate. Such are the servitudes of right of way, drain, and support."

designated road and utility easement servitude[2] known as North Street crossing over the serviant [sic] estate referred to as Lot 17 of Paradise Cove Subdivision, and reference hereto Exhibit A.

8.

FURTHER, Defendants, TIMOTHY V. CROULET and TAMRA A. CROULET, refuse to remove any obstructions encroached upon servitude, as hereto Exhibit E, by Defendants that remain as follows:

a) trees, shrubs, raised-brick flower bed, and concrete driveway extension within any portion of the thirty-five feet wide herein referenced servitude crossing over the serviant [sic] estate, referred to as lot 17, regardless of cause; and

b) refuse to allow dominant estate owner, Plaintiff herein, rights to remove said obstructions within servitude right-of-way to access passage, inclusive of utility lines and traffic to/from Lot 18 of Paradise Cove Subdivision.

. . . .

10.

IN FACTO, Plaintiff has continuously held legal title to dominant estate and continuously used the herein referenced servitude since, October, 1998, to access Plaintiff's private property as recorded in legal conveyance records and entered hereto as Exhibits B.1 and B.2; as well Defendants have used the legal se[r]vitude to access their property since 2005; and, after Plaintiff's legally recorded community property settlement, from February, 2012, Plaintiff has desired to improve road passage and implement the utility easement to access electrical power for residential construction on Lot 18 of Paradise Cove Subdivision by virtue of the North Street servitude, as entered herein evidenced hereto Exhibit C and D.

In the petition, Ms. Ibert requested a judgment decreeing that "the herein dominant estate known as Lot 18 of Paradise Cove Subdivision be granted all privileges to exercise said rights as dominant estate to said servitude known as North Street, inclusive of utility easement[.]" She further sought:

---

[2] We note that utility "easement" is used throughout these proceedings. The common law word "easement" has been uniformly accepted in Louisiana law to convey the same idea expressed by the Louisiana word "servitude." *Humble Pipe Line Co. v. Wm. T. Burton Indus., Inc.*, 253 La. 166, 217 So.2d 188 (1968). *See also Quibodeaux v. Andrus*, 04-766 (La.App. 3 Cir. 11/10/04), 886 So.2d 1258.

2

> [C]larification of legal description for herein said servitude as one-hundred and seventy-five (175) feet running north/south along the east boundary line of Lot 17 of Paradise Cove Subdivision and thirty-five (35) feet east/west wide from the east boundary line of Lot 17 of Paradise Cove Subdivision with ten (10) feet wide along the most westerly side of said servitude designated for utility access to Lot 18 of Paradise Cove Subdivision[.]

Additionally, Ms. Ibert suggested that the judgment should include "specific reference to rights and privileges of dominant estate thereto for preserving implementation of full rights to the dominant estate for the intended use imposed upon the herein serviant [sic] estate for herein designated servitude pursuant to Louisiana Civil Code."

Contemporaneous with the filing of their answer, the Croulets filed exceptions of unauthorized use of summary proceeding; prescription for nonuse; and nonjoinder of an indispensable party, namely the owners of Lot 19 of Paradise Cove Subdivision. Ms. Ibert ultimately filed a "Motion to Dismiss Mandatory Injunction," and the trial court signed an order dismissing the mandatory injunction without prejudice. Following a hearing, the trial court issued a ruling concerning the exceptions. In the ruling, the trial court stated that, because the petition for mandatory injunction had already been dismissed, the exception of unauthorized use of summary procedure was denied. The trial court also denied the exception of prescription for nonuse, finding the purported servitude at issue to be an affirmative one under La.Civ.Code art. 706 and explaining: "[T]he encroachments [sic] existence and interference with the servitude is immaterial and is not sufficient to extinguish an affirmative servitude by prescription of nonuse for ten years." Regarding the exception of nonjoinder of an indispensable party, the trial court concluded that the "owners of Lot 19[] are not indispensable parties without whom relief cannot accord, nor would the defendants' ability to protect their interest be impeded or impaired. Therefore, the exception is denied."

On March 10, 2017, Ms. Ibert filed a "Motion for Declaratory Judgment," again requesting that the trial court "declar[e] Plaintiff's right as dominant estate to the North Street servitude in Paradise Cove Subdivision over Lot 17" and that the trial court issue a judgment directing that the Croulets "shall refrain from obstructing the real rights of the dominant estate described as Lot 18 of Paradise Cove Subdivision for the preservation of the North Street Servitude, inclusive of utility easement[.]" The matter proceeded to trial.

In presenting her case, Ms. Ibert served as her only witness. She introduced into evidence a plat of a survey of the subdivision; a cash warranty deed demonstrating that Ms. Ibert and her then-husband purchased Lot 18; a cash warranty deed by which Lock, Stock & Barrel Land and Timber Company granted Lot 18 to Ms. Ibert and her former husband; a community property settlement in which Ms. Ibert's former husband transferred his interest in Lot 18 to her; a certificate of survey; call sheet reports and incident reports from the sheriff's office; and the warranty deed by which the Croulets purchased Lot 17.

At the conclusion of the parties' presentation of evidence, the trial court took the matter under advisement. On September 19, 2017, the trial court issued a "Ruling on Petition for Declaratory Judgment," stating:

> Plaintiff, Ellen Ibert, was her only witness in the proceeding. During plaintiff's case in chief, she failed to provide any factual basis upon which her claim was based. Her entire testimony consisted of reading legal arguments for what principles of law plaintiff thought the court should consider. In addition to the lack of a factual basis for the relief sought, plaintiff further failed to provide any credible evidence to prove that the defendants were obstructing the alleged servitude or were prohibiting her in any manner.
>
> Plaintiff also failed to assist the court with testimonial or documentary evidence generated from any experts such as surveyors, engineers or the founders of the subdivision.

Based on the lack of factual and documentary evidence produced at trial, plaintiff has failed to carry her burden of proof in order for the court to render a declaratory judgment.

The trial court thereafter issued a final judgment in favor of the defendants in accordance with the above ruling, dismissing Ms. Ibert's action with prejudice.

Ms. Ibert now appeals, asserting that the trial court erred in failing to issue a declaratory judgment; to recognize her qualifications for providing expert testimony; and to find that the defendants have obstructed Ms. Ibert's use of the servitude and easement. She further asks that this court assess damages and costs against the defendants.

**Discussion**

As discussed above, the trial concluded that Ms. Ibert did not carry her burden of proof, stating that she "failed to provide any factual basis upon which her claim was based" and "further failed to provide any credible evidence to prove that the defendants were obstructing the alleged servitude or were prohibiting her in any manner." Ms. Ibert argues that the trial court erred in failing to grant a declaratory judgment that would decree privileges to her property as the dominant estate of the servitude known as "North Street," including the utility easement, and that would clarify the legal description of the servitude and utility easement. She asserts that the trial court erred in failing to find that the defendants have obstructed her use of the servitude, including its use as a utility easement.

Louisiana Code of Civil Procedure Article 1871 provides:

Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.

5

Regarding appellate review of an action for declaratory relief, this court has stated: "The trial court is given wide discretion in deciding whether to grant or refuse declaratory relief, and on appeal, the standard of review is whether or not the trial court abused this discretion." *Miller v. Seven C's Props., LLC*, 01-543, p. 4 (La.App. 3 Cir. 11/21/01), 800 So.2d 406, 409 (citing *Liberto v. Rapides Parish Police Jury*, 95-456 (La.App. 3 Cir. 11/2/95), 667 So.2d 552), *writ denied*, 01-3309 (La. 3/8/02), 811 So.2d 878.

A predial servitude is defined as "a charge on a servient estate for the benefit of a dominant estate" where the two estates belong to different owners. La.Civ.Code art. 646. According to La.Civ.Code art. 698, "[p]redial servitudes are established on, or for the benefit of, distinct corporeal immovables." If a predial servitude is established by title, this constitutes "an alienation of a part of the property to which the laws governing alienation of immovables apply." La.Civ.Code art. 708. Significantly, La.Civ.Code art. 730 further explains that "[d]oubt as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate."

Having reviewed the record in its entirety, we find no abuse of the trial court's discretion in its denial of declaratory relief. While Ms. Ibert produced a plat of a survey of Paradise Cove Subdivision, which depicts "North Street" and a utility easement, she failed to produce evidence demonstrating that her property, Lot 18, received benefits thereunder as the purported dominant estate as she requested. Rather, as reflected by the trial court's ruling, the plaintiff's documentary and testimonial evidence was without sufficient factual or legal context.

For instance, Ms. Ibert introduced her September 2011 "Immovable Community Property Settlement," which indicated that Ms. Ibert was receiving:

6

> Lot 18 of PARADISE COVE SUBDIVISION, Vernon Parish, Louisiana, together and with all road right-of-way and utility easement granted at the time of purchase from LOCK, STOCK & BARRELL LAND AND TIMBER COMPANY, and as represented by PETE DOWDEN to include[] the road right-of-way as described as one hundred and fifty (150) feet long and fifty (50) feet wide with an additional ten (10) feet of utility easement running parallel along the west side of the said road right-of-way to total a sixty (60) feet wide right-of-way and easement, and as represented as North Street in the Paradise Cove Subdivision plat recorded under instrument number 503997, as well as indicated on the attached legal survey, with the exception to the proposed street reversion continuing north of [the] property described as Lot 18 and 17, but thereby ending the road right-of-way and utility easement at the subject area therein described by Russell T. Bruce, dated, September 2, 1998, and thus aligned with the right-of-way and easement depicted on the Paradise Cove Subdivision Plat as recorded.

Certainly, that description references the presence of a servitude. However, the designated September 1998 survey is not included within the exhibits introduced at trial. Significantly, the October 1998 conveyance to Ms. Ibert and her former husband from their ancestors in title provides only that the grant is of "Lot 18 of PARADISE COVE SUBDIVISION, Vernon Parish, Louisiana." In addition to its silence regarding a servitude, the former conveyance occurred subsequent to the relied-upon survey and, providing further confusion, it bears the inscription: "See instr #531803 for Correction. Filed 9-16-99." The exhibits include no further reference to that correction.

In contrast to Ms. Ibert's settlement agreement suggesting the presence of a servitude, the April 2005 "Warranty Deed" by which James Ronald Jeane granted "236 PARADISE COVE, ANACOCO, LA 71403" to the Croulets without further reference to a servitude burdening that property. Instead, the deed's "Exhibit A" includes the legal description of the conveyed property only as:

> LOT 17 OF PARADISE COVE SUBDIVISION, VERNON PARISH, LOUISIANA.

> BEING THE SAME PROPERTY CONVEYED TO JAMES RONALD JEANE AND HIS WIFE, ANITA JEANE BY DEED FROM THOMAS H. PERKINS RECORDED 5/13/2004 IN DEED BOOK 1127, PAGE 624, IN THE CLERK'S OFFICE OF VERNON PARISH, LOUISIANA.

In turn, Ms. Ibert's only evidence regarding the conveyance from Thomas H. Perkins to Ronald Jeane is a "Cash Warranty Deed," recorded April 2, 2004. It describes the property only as:

> Lot 17 of PARADISE COVE SUBDIVISION, Vernon Parish, Louisiana. RESTRICTIONS: (1) Houses are the only form of living quarters to be built in the Paradise Cove Subdivision; (2) there will be no camps or mobile homes placed in any lot in the said subdivision[.]

Again, that deed bears the inscription: "See instrument number 571801 for correction of this document filed May 13, 2004." As above, the trial exhibits do not include that corrective document.

With reference to La.Civ.Code art. 730, and in light of the deficiencies and patent conflicts in the evidence presented, our review indicates that the trial court's factual determinations are supported by the record.

Finally, we find no merit in Ms. Ibert's contention the trial court erred in failing to accept her qualifications for providing expert testimony. The "[q]ualification of a witness as an expert . . . lies within the trial judge's wide discretion, and such determinations will not be disturbed on appeal absent a showing of manifest error." *Mitchell v. Fradella*, 628 So.2d 1198, 1203 (La.App. 3 Cir. 1993) (citing *Bateman v. Power Rig Rental Tool Co.*, 453 So.2d 998 (La.App. 3 Cir. 1984); *Richardson v. Continental Ins. Co.*, 468 So.2d 675 (La.App. 3 Cir.), *writ denied*, 474 So.2d 1304 (La.1985); *Matter of Aaron*, 417 So.2d 105 (La.App. 3 Cir. 1982)). A review of the record reveals that Ms. Ibert did not offer herself as an expert and did not provide the trial court with information about any knowledge, skill, training, or education she has

obtained to support her testimony as that of an expert. Accordingly, we find no manifest error in the trial court's assessment of Ms. Ibert's testimony.

Our above determinations render moot the plaintiff's arguments regarding damages and costs.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court, dismissing the action with prejudice. All costs of this appeal are assessed against the plaintiff—appellant, Ellen Ibert.

**AFFIRMED.**