529 So.2d 90 (1988)
Bessie Sullivan ALLEN
v.
Arnold L. MARTINO and Linda Ellzey Martino.
No. 87 CA 0424.
Court of Appeal of Louisiana, First Circuit.
June 29, 1988.
*91 James Durbin, Denham Springs, for plaintiff-appellee.
James Kuhn, Denham Springs, for defendants-appellants.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
This is a boundary action. The parties are owners of contiguous tracts of land in Livingston Parish, Louisiana. Bessie Sullivan Allen (plaintiff) filed suit against Arnold L. Martino, Jr., (Martino) and Linda Ellzey Martino (defendants), seeking to fix the common boundary between their estates. Attached to plaintiff's petition was an order signed by the trial court which appointed Roy Edwards of WR Engineers, Incorporated, to survey and mark the true boundary between the contiguous estates of plaintiff and defendants.
Defendants filed an answer wherein they asserted that their title was based on a survey by Dorian P. Heroman which was used to construct a chain link fence between the properties. They pleaded acquisitive prescription, alleging that, regardless of the fence line, they and their ancestors in title had possessed the property in dispute for a period in excess of thirty years.
The trial court, after a hearing on the merits and a personal examination of the property, fixed the property line in accordance with the survey of its court-appointed surveyor and said:
The Court is of the opinion that the survey of the Court appointed surveyor, constitutes the most accurate property line between the property of the parties. The Court will establish a boundary line as shown on this survey.
The trial court taxed costs equally between the parties and included in the cost the fee of the court-appointed surveyor. Therein, the court fixed the boundary line as follows:
Start at the Southeast corner of Section 4, T7S, R3E and run North 0°35'00" West 2649.60 and corner; thence proceed South 89°37'26" West 1350.25 feet to point of beginning of boundary line; thence proceed South 89°37'26" West 301.90 feet; thence proceed South 895°37'26" West 400.00 feet; thence proceed South 89°37'26" West 400.00 feet to end of boundary line, and being more fully described on plat and map of said boundary line made by Wallace L. Adams and Roy C. Edwards, Jr., Reg.C. E. and Surveyor, dated July 10, 1984, which said plat of survey was offered in evidence by plaintiff and approved as a true boundary line by the Court, and filed into the record in suit number 43,512 of the 21st Judicial District Court, Parish of Livingston, Louisiana.
Defendants have appealed to this court seeking a reversal. Plaintiff has answered the appeal and seeks to have reversed that portion of the judgment which cast her for half of the costs.
*92 Shortly after Martino purchased an approximately 10.15-acre tract from Crown-Zellerbach Corporation, he proceeded to construct a chain link fence across his northern boundary. Martino testified that he located his northeast and northwest lines and had Arrow Construction Company set out the posts for the fence along that line. However, a problem arose because by following the sight line between the corners, the posts were placed in a gravel road which led to a little house occupied by plaintiff's father-in-law.[1] Martino testified that he realized this would create problems for plaintiff, so he voluntarily removed the posts from the road and, with an offset running to the south, rearranged the line for some distance so it would not interfere with that road. The offset is approximately eight feet, running north and south and, according to plaintiff's testimony, would have put the fence more nearly in line with the true boundary between these two tracts. Plaintiff testified that she and her former husband, John M. Allen, purchased the property in February, 1971, from Leland L. Jones. Jones told them that the barbed wire fence on the southern line was the southern boundary. The fence ran along the tree line in places, with barbed wire fixed to trees, but there were some fence posts as one proceeded in a westerly direction.
Wallace L. Adams, a civil engineer and professional registered surveyor, testified that he was a principal in WR Engineers and had done the supervisory work for this survey. He testified that plaintiff's petition alleged that the quarter section line of Section 4, Township 7 South, Range 3 East, Livingston Parish, was the boundary line between the two tracts. He physically located the northeast corner of Section 4 and ran the section line to the west section and found the two corners. He also found evidence of the old barbed wire fence attached to trees, some ranging from 20 to 30 inches in diameter, lying along the line. While WR's map of survey did not show the location of defendants' chain link fence, Adams indicated that it was, in places, 8.44 feet north of the quarter line. He established the boundary between the two properties at the quarter section line and prepared a map of survey accordingly, which the trial court found to be the true property line between these properties.
Defendants assert that the trial court erred:
(1) in appointing a surveyor prior to any hearing, and that the surveyor appointed did not take into account the parties' titles or their respective contentions;
(2) in accepting a survey which had not taken into account the parties' titles or contentions but merely established an ideal half section line;
(3) in failing to account for their prescriptive rights; and
(4) in not assessing all the court costs to plaintiff, including the cost of the court-appointed survey.
ASSIGNMENT OF ERROR NUMBER ONE
LSA-C.C.P. art. 3692 provides:
The court may appoint a surveyor to inspect the lands and to make plans in accordance with the prevailing standards and practices of his profession indicating the respective contentions of the parties.
It was within the trial court's discretion to appoint a surveyor, which it did at the time plaintiff's petition was filed. Defendants were aware of the appointment because a copy of the order of appointment was attached to plaintiff's original petition, which was served on defendants on April 18, 1984. Defendants did not object to this order at any time prior to trial. They did not raise an objection during trial when the surveyor testified. We find that this assignment of error clearly has no merit.
ASSIGNMENT OF ERROR NUMBER THREE[2]
The trial court's reasons for judgment do not address defendants' claim of 30-year *93 acquisitive prescription, and under very clear principles of appellate review, we must assume that the trial court rejected defendants' contentions in this regard.
The party who makes the plea of acquisitive prescription bears the burden of proving all the facts that are essential to support it. Levatino v. Williams, 396 So. 2d 380 (La.App. 1st Cir.1981).[3] The attributes essential for thirty years acquisitive prescription include continuous, uninterrupted, peaceable, public, and unequivocal possession under the title of owner, although just title and good faith are not required. LSA-C.C. arts. 3476 and 3486. To acquire the ownership of property, not only must corporeal possession exist, but also an intention to possess as owner must be present. LSA-C.C. art. 3424. Here, defendants have failed with the burden of proof required by Civil Code article 794 and Opdenwyer v. Brown, 155 La. 617, 99 So. 482 (1924). Defendants have not shown that the location of the old fence was the same as that of the new fence. In fact, the evidence preponderated to the contrary. Defendants failed to prove that they actively or constructively possessed the property enclosed by the old barbed wire fence. They failed to show the same possession by their ancestors in title.
Johnny Allen, plaintiff's former husband, was called as a witness for defendants, and his deposition was introduced in lieu of his live testimony. His testimony was enlightening. He testified that their purchaser, Leland Jones, walked the property lines with them before they purchased, and the line in question was "as straight as you can get" using wild trees for posts. He also said that there was never a question in his or plaintiff's mind about the old fence line being the true line; had they thought otherwise, it would have been corrected before they purchased. He also testified that they exercised possession all the way to the old fence line during the entire time he was on the property. It seemed fairly obvious, because of the large trees which ran a considerable distance along or near this property line, that it would be rather costly to cut the trees down to mark the true line.
Here, defendants had to prove that they and their ancestors in title continuously possessed the property for over thirty years. Based on our examination of the record, we must say that defendants failed to satisfy the burden of proof required of them.
ASSIGNMENT OF ERROR NUMBER TWO
The order appointing the surveyor provided that he was to survey and mark the true boundary line between the estates of plaintiff and defendants and furnish the court a plat of survey showing the true boundary line on or before July 10, 1984. The trial court accepted this survey as the boundary line between the estates. Defendants argue that the trial court erred in accepting this survey because the surveyor did not take into account the respective parties' titles or contentions.
Because the acquisitive prescription claim is without merit, the boundary must be fixed according to the titles of the parties. LSA-C.C. arts. 792-794; LSA-C.C.P. art. 3693. According to the titles of the parties, the boundary between them has a bearing of S 89°45' W. The bearing of the boundary fixed by the court-appointed surveyor is S 89° 37' 26" W, a deviation of 0° 7' 34" from the bearing of the boundary called for in the titles. The record does not show an adequate justification for this deviation.
Accordingly, this action must be remanded to the trial court with instructions to fix the boundary between the parties according to their titles unless a party can show a legal reason why a deviation from the title calls is justified (for a reason other than acquisitive prescription). This assignment of error has merit.
*94 ASSIGNMENT OF ERROR NUMBER FOUR
The trial court, in its reasons for judgment, cast costs equally between the parties. Defendants argued that the trial court erred in not assessing all the court costs, including the costs of the court-appointed survey, to plaintiff.[4] In addressing this issue, the trial court's reasons for judgment provide as follows:
The Court is of the further opinion that this was a completely legitimate boundary action, between parties, who believed, with good reason, that they were right. The Court will direct that all costs, including the cost of the Court appointed survey, be shared equally by the parties.
Our examination of the record indicates to our satisfaction that the trial court was not clearly wrong in its assessment of costs.
For the foregoing reasons, the judgment homologating the proces verbal of the court-appointed surveyor is reversed, and this action is remanded to the trial court which shall direct the court-appointed surveyor to fix the boundary according to the titles of the parties and the views expressed herein.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
NOTES
[1] At the time, plaintiff was married to John M. Allen. They were divorced at the time of trial. In their community property settlement, plaintiff received the property in question.
[2] This assignment of error is purposely addressed out of order.
[3] The proof required under LSA-C.C. art. 794 to fix the boundary according to prescription is the same proof that would be required to prove ownership in a petitory action based on the plea of thirty years acquisitive prescription. Travis v. Lake Superior Piling Co., 401 So.2d 432 (La. App. 1st Cir.), writ denied, 406 So.2d 628 (La. 1981).
[4] Plaintiff, in his answer to the appeal, seeks to have all costs taxed to defendants.