hPLOTKIN, J.,
dissents with reasons.
I would affirm as amended the judgment of the lower court in that I find that the record supports the lower court’s finding that plaintiff, Eugene Dudenhefer (“Du-denhefer”) acquired the disputed strips of land, “Bayou Y” and “Bayou Z,” by thirty-year acquisitive prescription under Louisiana Civil Code Article 794.
I agree with the majority opinion that Dudenhefer is not able to obtain ownership of “Bayou Y” and “Bayou Z” by prescription of ten years because his legal title to Lots “Y” and “Z” do not transfer the adjoining bayou property. Furthermore, the record clearly indicates that Dudenhe-fer possessed “Bayou Y” as owner and that Dudenhefer and his ancestor in title to Lot “Z,” Harold Thomas (“Thomas”), possessed “Bayou Z” as owner.
The majority, however, found that the trial court committed manifest error by finding thirty-year acquisitive prescription on the grounds that, although Hopedale highway and Bayou LaLoutre form visible bounds on the northern and southern boundaries of “Bayou Y” and “Bayou Z” respectively, there was no evidence of visible bounds on the eastern and western boundaries. It is on this specific point that I dissent: I would not interpret the “visible bounds” requirement so stringently under the circumstances of this case and would find this element to be sufficiently supported by the record.
Lit must be noted at the outset that the record clearly supports the contention that Dudenhefer and his ancestors in title to Lots “Y” and “Z” have possessed the disputed area for the requisite thirty years. *1247 The record indicates that Dudenhefer purchased Lot “Y” in 1955 and had exercised possession over “Bayou Y” from that time. At the time of purchase of Lot “Y,” a boathouse existed on “Bayou Y,” which Dudenhefer used. The record also indicates that, by 1966, Dudenhefer built a boat hoist and a bulkhead on “Bayou Y” and had operated a commercial crabbing business from there. Dudenhefer purchased Lot “Z” in 1973 and exercised possession of “Bayou Z,” as owner, from that time. That possession consisted of paving the entirety of “Bayou Y” and “Bayou Z.”
Although Dudenhefer possessed “Bayou Z” as owner only from 1973, his ancestor in title to Lot “Z,” Harold Thomas (“Thomas”), possessed “Bayou Z” from the time of his purchase of Lot “Z” in 1955. At that time, “Bayou Z” contained pilings for an unfinished bulkhead, which Thomas completed in 1955. Furthermore, a cargo container was placed on “Bayou Z” in 1967 for use in Dudenhefer’s crabbing business and remained there until the area was paved in 1973. This possession of “Bayou Y” and “Bayou Z” continued, uninterrupted, until September 22, 2000, when Duden-hefer filed this petitory action.[1] Therefore, the record clearly supports a finding of possession by thirty years. I now turn to the issue of visible bounds.
Regarding the issue of visible bounds, the record indicates that Hopedale highway runs in an easterly-westerly direction and serves as the southern boundary of Lots “Y” and “Z” and the northern boundary of “Bayou Y” and “Bayou Z.” Lot “Y” lies to the west of Lot “Z” along Hopedale Highway. It is not disputed in the record that only the northern and southern boundaries of “Bayou Y” and “Bayou 13Z” are clearly visible. However, under these circumstances, I do not feel that an absence of technical visible boundaries along the east side of “Bayou Z” and the west side of “Bayou Y” are fatal to Dudenhe-fer’s prescription claim.
According to the jurisprudence, the enclosure requirement for corporeal possession is not a technical requirement, but is “governed by the nature of the land and the use to which it is put.” Rathborne v. Hale, 95-1225, p. 5 (La.App. 4 Cir. 1/19/96), 667 So.2d 1197, 1200. To that end, it must first be noted that the disputed portion of land extends from a single boundary fine, the southern boundary, and does not extend in any direction beyond the eastern boundary of Lot “Z” and the western boundary of Lot “Y.”
Second, it should also be noted that the disputed area is bounded to the south by Bayou LaLoutre. This constitutes a clear and indisputable visible boundary. More importantly, it renders the areas of “Bayou Y” and “Bayou Z” as riparian. The classification of the area as riparian is very important as the Civil Code treats riparian land as a special classification for ownership purposes due to the changing nature of the waterway and the status of the waterway as navigable. See La. C.C. arts. 499-502.
Finally, the record is dear that Duden-hefer has exercised clear and unequivocal possession of “Bayou Y” from Hopedale Highway all the way to Bayou LaLoutre since he purchased Lot “Y” in 1955 to the time he filed the suit in 1999. Likewise, it is clear that Dudenhefer, and his ancestor in title, Mr. Thomas, exercised such possession of “Bayou Z” from Hopedale Highway all the way to Bayou LaLoutre for the same amount of time. The record also *1248 clearly indicates that this possession extended in an easterly direction to the eastern boundary line of Lot “Z” and in a westerly direction to the western boundary of Lot “Y.”
As such, under the circumstances of this particular case, the northern bank of Bayou LaLoutre forms a sufficient visible bound to support corporeal possession 14of the land between it and Hopedale Highway within the extensions of the east boundary of Lot “Z” and the western boundary of Lot “Y.” I would therefore find that the record supports thirty-year acquisitive prescription of “Bayou Y” and “Bayou Z,” in favor of Dudenhefer, under Article 794.
In addition, because I would find that the record supports the finding that Du-denhefer acquired “Bayou Y” and “Bayou Z” by thirty-year acquisitive prescription, I would further find that the court ordered survey is proper. The Code of Civil Procedure provides for a separate action for determination of boundary, which is separate and distinct from the determination of ownership under a petitory action. Compare La. C.C.P. arts. 3691-3698 mth La. C.C.P. art. 3651. The jurisprudence does, however, permit the trial court to make a determination of boundary in a petitory action where ownership is acquired by acquisitive prescription of thirty years. See Cuthbertson v. Unopened Succession of Tate, 544 So.2d 1236, 1241-42 (La.App. 3 Cir.1989). Furthermore, in a boundary action, the court is vested with the discretion to appoint a surveyor in making the boundary determination. La. C.C.P. art. 3692. The findings of the court appointed surveyor are presumptively correct where such findings are in accordance with the prevailing standards and practices. Thibodeaux v. Salassi, 331 So.2d 571, 576 (La.App. 1 Cir.1976). The parties are fi’ee to object to the appointment of the survey- or. Allen v. Martino, 529 So.2d 90, 92 (La.App. 1 Cir.1988). Further, the parties may seek to rebut the findings of the court appointed surveyor by submitting evidence, including the findings of another surveyor. See La. C.C.P. art. 3693.
Based on the law regarding the determination of boundary, I would find that, although Meraux clearly objected to the appointment of the surveyor, there is no abuse of the trial courts . discretion and affirm the appointment of the surveyor. However, I would amend the judgment to permit Meraux to submit evidence to Lrebut the findings of the court appointed surveyor, should it choose to do so. Furthermore, since the determination of boundary is a separate action from the determination of ownership, I would reverse the trial court’s assessment of costs of the independent surveyor and would order that the costs be borne equally by both parties.
Therefore, in accordance with the above, I respectfully dissent from the majority and would affirm, as amended, the holding of the trial court.

. Although there is no evidence that Duden-hefer’s corporeal possession was actually interrupted, the filing of the petitory action by Dudenhefer has the legal effect of confessing possession, thereby effectively interrupting his possession. See La. C.C.P. art. 3657.