NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-708

BERTHA MAE STOKES

VERSUS

ROSE CLARK REEVES, ET AL

**********

APPEAL FROM THE
33RD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, DISTRICT COURT, NO. C201-585
HONORABLE JOEL G. DAVIS, DISTRICT COURT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Craig Ray Hill
Jones & Hill
P. O. Box 1260
Oberlin, Louisiana 70655
(337) 639-2127
Counsel for Plaintiff-Appellee:
Rose Clark Reeves, et al.

Kathryn Fowler Van Hoof
Van Hoof Law Firm
369 Lamourie Road
P. O. Drawer 339
LeCompte, LA 71346
(318) 776-4836
Counsel for Plaintiff-Appellant:
Bertha Mae Stokes

**PICKETT, Judge.**

The appellant, Bertha Mae Stokes, appeals the trial court's judgment finding that the defendants were owners of a tract of land by virtue of acquisitive prescription of thirty years.

## STATEMENT OF THE CASE

Bertha Mae Stokes filed a Petition to Evict on November 30, 2001, against Rosa Lee Virginia Williams Clark, Sarah Williams, Diane Williams, Margaret Williams, and George Williams, alleging that Ms. Stokes was the record owner of a tract of land in Allen Parish, that the defendants were in possession of the land, and that they refused to surrender the land to Ms. Stokes. Sarah Williams and Diane Williams were later dismissed from the suit. Ms. Stokes amended the petition on January 8, 2002, styling it a "Petitory Action" and prayed to be recognized as the owner of the property. The remaining defendants answered the petition alleging that they had acquired title to the property by thirty years acquisitive prescription.

A trial was held on November 16, 2006. At the conclusion of the trial, the trial court found that the defendants had proved acquisitive prescription of 30 years and that they were the proper owners of the tract of land. A judgment in conformity with the trial court's oral ruling was signed on March 12, 2007. Ms. Stokes now appeals.

## ASSIGNMENTS OF ERROR

The appellant, Bertha Mae Stokes, asserts one assignment of error:

The decision of the trial judge finding that defendants-appellants proved ownership of all the property of plaintiff-appellant, through acquisitive prescription of 30 years, is manifestly erroneous and not supported by the record because in so finding the trial court committed:

(1)    error in fact and law in disregarding that plaintiff-appellant sued only regarding that portion of the property which defendants-appellants <u>occupy</u> and not <u>all</u> of her property, and

1

(2) error in law in failing to find that general testimony alone, lacking in legal description, and without actual proof of the location of a physical, discernible boundary is not sufficient to establish acquisitive prescription by possession of thirty years in a petitory action, and

(3) error in fact and law in failing to find that defendants-appellants were not able to "tack" on the alleged adverse possession of their father and husband, without any juridical link to any ancestor in title, to successfully defend this petitory action and prove acquisitive prescription by possession of 30 years.

## DISCUSSION

In this case, the defendants stipulated that Ms. Stokes was the record owner of the tract of land in dispute. Thus, the only issue before this court is whether the defendants proved possession for thirty years sufficient to acquire title to the property. This court discussed acquisitive prescription in *Phillips v. Fisher*, 93-928, p. 3 (La.App. 3 Cir. 3/2/94), 634 So.2d 1305, 1307, *writ denied*, 94-813 (La. 5/6/94), 637 So.2d 1056:

> Immovable property may be acquired through thirty years acquisitive prescription without good faith or just title. La.C.C. art. 3486. The party asserting acquisitive prescription bears the burden of proving all the facts that are essential to support it. *Humble v. Dewey*, 215 So.2d 378 (La.App. 3 Cir.1968). A possessor will only be considered as possessing that part of property over which he exercises actual, adverse, corporeal possession which is continuous, uninterrupted, peaceable, public, unequivocal, and within visible bounds. La.C.C. art. 3476; *Suire v. Primeaux*, 363 So.2d 963 (La.App. 3 Cir.), *writ denied*, 365 So.2d 243 (La.1978); *Allen v. Martino*, 529 So.2d 90 (La.App. 1 Cir.1988). He must also prove that he intended to possess as owner, adverse to the actual owner, for the required thirty years. La.C.C. art. 3424.

An appellate court will not overturn a trial court's factual findings with regard to acquisitive prescription unless there is manifest error. *Ryder v. Belgard*, 05-452 (La.App. 3 Cir. 11/2/05), 915 So.2d 408, *writ denied*, 06-212 (La. 4/24/06), 926 So.2d 549.

2

Ms. Stokes argues that the ownership of the entire tract of land was not properly before the court. She points to the third amended petition in which she averred that she was not in possession of a portion of the land on which certain structures had been built or placed. In her previous petitions, though, Ms. Stokes stated that she was not in possession of any part of the land. Furthermore, in the answer to the third amended petition, the defendants asserted that they had possessed the entire property for thirty years. We find the issue of ownership of the entire tract of land as described in the petition was properly before the court.

We find the second argument of Ms. Stokes to be without merit as well. The testimony at trial clearly indicated that there was a fence around the entirety of the tract of land at issue. Mr. Williams testified that he had kept animals on that property for more than 30 years. John McMahon and Charles Ray Braxton, who lived near the property for some time, testified that they always believed that the property belonged to Mr. Williams or his father, as they kept animals and had gardens on the property for well over 30 years. They also testified that the Williams family always tended to the property. The trial court chose to discredit the testimony of Ms. Stokes, who claimed that her mother always intended that the Williams were tending to the property on her behalf. We find no manifest error in the trial court's findings that the defendants "exercise[d] actual, adverse, corporeal possession which is continuous, uninterrupted, peaceable, public, unequivocal, and within visible bounds." *Phillips*, 634 So.2d 1305, 1307.

Finally, we find that the evidence supports a finding that George Williams possessed the entire tract of property for over thirty years by placing livestock on the property when he was a teenager. We find this is sufficient to prove adverse

possession, and there is no need for him to tack the possession of his father. Thus, the final argument of Ms. Stokes lacks merit.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.